United States District Court
Southern District of Texas
**ENTERED**
March 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Bradley Hardin and Benjamin Feist, Individually and on behalf of others Similarly Situated,<br>    *Plaintiffs*, | § § § § § | |
| v. | § § | Civil Action H-22-111 |
| The Texian Group, Inc.,<br>    *Defendant*. | § § § | |

## ORDER GRANTING ROY STEWARD'S MOTION
## FOR RULE 23 CLASS CERTIFICATION

Plaintiff Roy Steward is a former inspector who was employed by The Texian Group, Inc. (Texian) in New York. Plaintiffs in this lawsuit allege that Texian: (1) paid inspectors who worked in New York on a daily rate basis and failed to track their hours worked by utilizing timesheets that only listed their days worked rather than the number of hours worked per day or per week, which plaintiffs allege resulted in Texian's failure to pay the inspectors all overtime wages due under the New York Labor Law (NYLL); (2) paid inspectors who worked in New York per diems that that were not incorporated into their regular rates of pay, which Plaintiffs allege is a violation of the NYLL; and (3) issued itemized wage statements to inspectors who worked in New York that Plaintiffs allege did not comply with the NYLL § 195(3).

Steward moves to certify three classes as to these NYLL claims. Steward argues that the requirements of Federal Rule of Civil Procedure 23 are satisfied. Texian does not oppose class certification. The Court finds: (1) the proposed classes are sufficiently numerous; (2) there are common

questions of law and fact among the class members; (3) the NYLL claims are typical of the classes; (4) Steward and proposed class counsel will fairly and adequately protect the interests of the class; (5) the proposed classes are ascertainable; (6) common questions of law and fact predominate over issues unique to the individual class members; and (7) the class action device would be the superior way to resolve the NYLL claims of these workers rather than individual lawsuits.

## 1. LEGAL STANDARD

The requirements for class certification are set forth in Federal Rule of Civil Procedure 23 (Rule 23). A party seeking to certify a class must satisfy the four requirements of Rule 23(a), and also satisfy one of the three "pigeon holes" of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Steward must establish each of Rule 23's requirements by a preponderance of the evidence. *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013). In analyzing the issue of certification, the Court accepts as true the allegations in the complaint regarding the merits of the claim. *See D'Alauro v. GC Servs. Ltd.*, 168 F.R.D. 451, 454 (E.D.N.Y. 1996).

Class certification under Rule 23(a) is appropriate if the class is "ascertainable" and if the following four requirements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the representative's claims or defenses are typical of those of the class; and (4) the representative will fairly and adequately represent the interests of the class. FED. R. CIV. P. 23(a). Implicitly, class certification also requires that the proposed class be "adequately defined and clearly ascertainable." *In re Deepwater Horizon*, 739 F.3d 790, 821 (5th Cir. 2014). Rule 23(b)(3) requires that questions of law or fact common to class members predominate questions affecting only

individual members, and that a class action is superior to other available methods for fairly and effectively adjudicating the controversy, Rule 23(b)(3).

While the Court's analysis of the Rule 23 factors involves some overlap with the merits of the claim, district courts should not engage in a full merits analysis at the certification stage. *Spegele v. USAA Life Ins. Co.*, 336 F.R.D. 537, 547 (W.D. Tex. 2020). "District courts thus analyze the evidence to determine whether common proof will produce a common answer to a common question, rather than to determine the probable outcome on the merits." *Id.* at 548 (citations omitted).

### 2. DISCUSSION

Steward seeks to certify the following classes:

Day Rate Class: All inspectors employed by Texian at any time since January 12, 2016, through final resolution of this Action who performed work in the State of New York and utilized timesheets that only permitted them to list the number of days worked per week, rather than the hours worked per day;

Per Diem Class: All inspectors employed by Texian at any time since January 12, 2016, through final resolution of this Action who performed work in the State of New York and received a per diem; and

Wage Statement Class: All inspectors employed by Texian at any time since January 12, 2016, through final resolution of this Action who performed work in the State of New York and received wage statements/pay stubs from Texian.

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Texian's records show that there are at least 93 potential class members who worked for Texian in New York during the statutory limitations period. Additionally, Steward presents evidence that these potential class members are widely geographically diverse. The numerosity requirement under Rule 23(a)(1) is met.

### B. Commonality

Rule 23(a)(2) requires that there are questions of law or fact common to the class. For the Day Rate Class, common issues of fact include whether: (1) the Day Rate Class Members were required to fill out timesheets that only permitted them to report the number of days worked per week, rather than the number of hours worked per day or per week; (2) Texian took any steps to track the actual number of hours worked by Day Rate Class Members; (3) Texian paid Day Rate Class Members based on a "presumed" 10-hour per day/60-hour per week schedule, rather than on the actual number of hours worked; and (4) Texian failed to pay Day Rate Class Members on a true hourly rate basis and, instead, paid them on an effective daily rate basis. Common issues of law include whether: (1) Texian violated the NYLL's recordkeeping requirement (NYLL § 195(4)) by failing to record/establish, maintain, and preserve the actual number of hours worked by Day Rate Class Members; (2) Texian violated the NYLL's overtime requirements by failing to pay Day Rate Class Members for all hours worked; and (3) the Day Rate Class Members were required to prove their true amount of hours worked by a "just and reasonable inference" standard.

For the Per Diem Class, common issues of fact include whether: (1) Texian paid per diems to the Per Diem Class Members; (2) Texian failed

4

to incorporate those per diems into the Per Diem Class Members' regular rates for purposes of calculating overtime rates of pay; (3) the per diem rate of approximately $200 per day paid to Per Diem Class Members was calculated using an arbitrary formula; (4) Texian made any effort to determine that $200 per day was a reasonable approximation of Per Diem Class Members' incurred expenses; and (5) Texian reimbursed Per Diem Class Members for other expenses like lodging and food costs separate from the per diems. Common issues of law include whether: (1) Texian was legally required to incorporate the per diem amounts into Per Diem Class Members' regular rates for purposes of calculating the overtime rates of pay; and (2) Texian under-calculated Per Diem Class Members' overtime rates of pay under the NYLL.

For the Wage Statement Class, common issues of fact include whether: (1) Texian issued itemized wage statements to Wage Statement Class Members; (2) the itemized wage statements that Texian issued had the same format and provided the same categories of information for all Wage Statement Class Members; (3) the itemized wage statements included the rates of pay and the basis thereof (i.e., hourly, daily, weekly, or salary); (4) the itemized wage statements included the regular hourly rate or rates of pay and/or the overtime rate or rates of pay; (5) the itemized wage statements included the actual number of regular, non-overtime hours worked; (6) whether the itemized wage statements included the actual number of overtime hours worked; and (7) the itemized wage statements included gross earnings and net earnings. Common issues of law include whether Texian violated NYLL § 195(3), and, if so, the proper measure of statutory damages under NYLL § 198.

Steward has satisfied the commonality requirement under Rule 23(a)(2).

### C. Typicality.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Steward's and the Day Rate Class Members' NYLL claims for unpaid overtime wages are all based on: (1) the Day Rate Class Members' use of timesheets on which they could not report the number of hours worked per day or per week; (2) the lack of any tracking or record of the actual number of hours the Day Rate Class Members worked; and (3) Day Rate Class Members being paid based on a "presumed schedule" of 10 hours per day/60 hours per week rather than on the actual hours they worked each day/week.

Steward's and the Per Diem Class Members' overtime claims are all based on: (1) how Texian determined the per diem rates paid to Per Diem Class Members; (2) Texian's decision not to include the per diems into Per Diem Class Members' regular rates of pay for purposes of calculating overtime rates of pay; and (3) Texian's payroll formulas that are equally applicable to all Per Diem Class Members.

Steward's and the Wage Statement Class Members' NYLL claims for non-compliant wage statements pursuant to NYLL § 195(3) are all based on Texian's alleged failure to: (1) accurately track and record the number of hours worked by Wage Statement Class Members; (2) describe the rates of pay for Wage Statement Class Members; and (3) state the actual number of hours worked by Wage Statement Class Members.

Steward has met the typicality requirement of Rule 23(a)(3).

### D. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Steward is a member of the classes he seeks to represent. There appear to be no conflicts of interest either

6

on the part of Steward or his counsel. Based on the court's knowledge of this case and Steward's counsel, the court is satisfied that this case will be vigorously prosecuted on behalf of the classes.

### E. Ascertainability

Class certification also requires that the members of a proposed class be adequately defined and ascertainable. *In re Deepwater Horizon*, 739 F.3d at 821. "An identifiable class exists if its members can be ascertained by reference to objective criteria. *Stinson v. City of New York*, 282 F.R.D. 360, 373 (S.D.N.Y. 2012) (quoting *In re Fosamax Prods. Liab. Litig.*, 248 F.R.D. 389, 395 (S.D.N.Y. 2008)). Steward's proposed class definitions properly define the identifiable classes utilizing objective criteria, including the type of timesheets the Class Members filled out, whether they received per diems, and the form and format of the wage statements provided to the Class Members. Each proposed class can also be easily ascertained by reference to Texian's own business and personnel records. Steward meets the ascertainability requirement.

### F. Rule 23(b)(3)

Steward seeks certification under Rule 23(b)(3), which requires two inquiries: (1) whether issues common to the class predominate over issues unique to individual class members; and (2) whether the proposed class action is superior to other methods available for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Steward has demonstrated that common questions of law and fact predominate this case. All of the Class Members share the same primary job duties as inspectors. All were subject to Texian's common policies and practices and were issued identically-formatted wage statements.

The Day Rate Class Members all challenge Texian's common timekeeping and pay practice. They all claim they were required to use

7

timesheets that only allowed them to report the number of days they worked, but not the number of hours worked per day or per week. They all also claim that Texian did not make any efforts to record, track, or determine their actual hours worked aside from the "daily report" timesheets. Thus, liability can be determined on a class-wide basis for all Day Rate Class Members with reference to common evidence and generalized proof in the form of Texian's business records, timesheets, and wage statements. The question whether Texian failed to accurately track the hours worked by Day Rate Class Members and thus failed to pay them for all hours worked in accordance with the NYLL predominates over any individualized issues faced by individual Day Rate Class Members.

The Per Diem Class Members all challenge Texian's practice of paying them per diem in addition to their wages. They all claim that such per diems were not included into their regular rates of pay for purposes of calculating overtime pay. Evaluation of these claims is susceptible to common evidence in the form of Texian's timesheets and pay records, and therefore predominates over any individualized issues faced by individual Per Diem Class Members.

As for the Wage Statement Class Members, the central factual issues underpinning the wage statement claims pursuant to NYLL § 195(3) may be disposed of using common evidence in the form of Texian's pay stubs issued to the Wage Statement Class Members. The liability issues for Wage Statement Class Members that are common to those class members predominate over any individual issues and may be determined by reference to common evidence in the form of Texian's timekeeping and payroll records.

Steward has also demonstrated that a class action would be superior to other procedural mechanisms to efficiently and fairly resolve the NYLL

claims. Fed. R. Civ. P. 23(b)(3). The evidence is common to all Putative Class Members and will include Texian's timesheets, payroll records, deposition testimony, and other internal personnel/business records. This is not a case where individualized testimony from the Class Members will be needed to prove or disprove liability. Texian's deposition testimony and business records will show whether Day Rate Class Members were paid daily or hourly, whether per diems should have been included into the regular rate, and whether the wage statements complied with the requirements of NYLL § 195(3). Litigating this case as a class is far superior to requiring each Class Member to prosecute their individual NYLL claims. Litigating this case as a class will ensure consistent discovery practices and will promote efficiency and expediency for both the parties and the court. A class will also ensure consistency in the Court's rulings. Conducting this litigation as a class is superior to any other method of resolution.

There is no indication that any other NYLL claims by inspectors have been asserted against Texian aside from this lawsuit. It is also desirable to concentrate the litigation in this forum because: (1) this is where Texian's principal place of business is located; (2) this Court will be assessing FLSA liability questions that generally mirror the NYLL claims at issue here; and (3) the Court is already familiar with the issues and facts of this case from earlier conferences and motion practice. The court foresees no difficulty in managing the case as a class.

The Court finds that Steward has demonstrated predominance and superiority under Rule 23(b)(3).

### 3. CONCLUSION

Steward's motion for Rule 23 class certification is **GRANTED**. It is **ORDERED that**

1. The Court certifies the following classes:

> "Day Rate Class: All inspectors employed by Texian at any time since January 12, 2016, through final resolution of this Action who performed work in the State of New York and utilized timesheets that only permitted them to list the number of days worked per week, rather than the hours worked per day;"

> "Per Diem Class: All inspectors employed by Texian at any time since January 12, 2016, through final resolution of this Action who performed work in the State of New York and received a per diem;" and

> "Wage Statement Class: All inspectors employed by Texian at any time since January 12, 2016 through final resolution of this Action who performed work in the State of New York and received wage statements/pay stubs from Texian.

2. The Court appoints Plaintiff Roy Steward as the class representative.

3. The Court appoints Michael Josephson, Andrew Dunlap, and William Hogg of Josephson Dunlap, LLP, and Rex Burch of Bruckner Burch, PLLC, as Class Counsel.

4. The proposed class period for each class is from January 12, 2016, through the date judgment is rendered.

5. The parties are directed to meet and confer on or before March 22, 2024. The parties shall discuss at a minimum the class notice, methods of contacting class members, and the timeline and procedure for class members to opt out of the class. By March 29, 2024, the parties shall file a status report including the proposed class notice and a proposed order governing the next stages of the case.

Questions or concerns about the form or substance of this Order may be raised by filing a request for a hearing.

Signed at Houston, Texas, on March 15, 2024.

_____
Peter Bray
United States Magistrate Judge