United States District Court
Southern District of Texas
**ENTERED**
June 24, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

**BRADLEY HARDIN and BENJAMIN FEIST, Individually and for Others Similarly Situated,**

**v.**

**THE TEXIAN GROUP, INC.**

**Civil Action No. H-22-111**

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS AND COLLECTIVE SETTLEMENT

The Motion for Preliminary Approval of Class and Collective Action Settlement filed by Plaintiffs Bradley Hardin and Roy Steward came for hearing in the above-captioned court, the Honorable Peter Bray presiding. Defendant The Texian Group Inc. ("Defendant" or "Texian") does not oppose the motion.

In the Complaint, Plaintiff alleges Defendant violated the Fair Labor Standards Act ("FLSA") and New York State wage and hour laws with respect to a group of 50 opt-in plaintiffs who worked for Texian throughout the country and a class of approximately 92 employees who worked for Texian in New York. Throughout the relevant time period, Plaintiffs allege they worked more hours than Texian recorded on their timesheets, in effect that Texian presumed they worked a set number of hours per day but they worked beyond those hours without proper overtime pay for the excess hours. Texian denies the claims and denies it violated any wage and hour laws.

After years of litigation and extensive discovery, the Parties conducted a settlement conference with Magistrate Judge Palermo in an attempt to resolve the claims. Following extensive, arm's-length negotiations during the settlement conference, the Parties reached a global settlement that resolves all of the claims in the action on a class- and collective-wide basis. The Parties then negotiated a Class and Collective Action Settlement Agreement (the "Settlement"), which was executed on or around January 2025.

A hearing was held before this Court on June 20, 2025 for the purpose of determining whether the proposed Settlement is within the range of possible approval, whether the proposed Notice of Class Action Settlement and Notice of Collective Action Settlement are appropriate, and whether a formal fairness hearing, also known as a final approval hearing, should be scheduled. Appearing at the hearing were Josephson Dunlap LLP and Bruckner Burch PLLC for Plaintiff and settlement class and collective members, and Peckar & Abramson on behalf of Defendant.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1.    The Court hereby GRANTS preliminary approval of the terms and conditions contained in the Settlement, attached hereto as **Exhibit 1**. The Court preliminarily finds the terms of the Settlement appear to be within the

range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2.    The Court finds on a preliminary basis that: (a) the settlement amount is fair and reasonable as to the Class Members (as defined in the Settlement) when balanced against the probable outcome of further litigation relating to class certification, liability, and damages issues; (b) significant discovery and risk assessment has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (c) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (d) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds the Settlement was entered into in good faith.

3.    The Court hereby finds its previous order granting class certification (Dkt. 66) provides the appropriate factual and legal predicate for maintaining class certification for settlement purposes. The certified class(es) shall retain the same class definitions as those defined in the Court's previous order and the relevant class period(s) shall run through the date of this preliminary approval order.

4.    The Court hereby GRANTS approval of the terms and conditions contained in the Settlement as to the FLSA Collective, which applies to the 50

individuals who have submitted a written consent pursuant to 29 U.S.C. § 216(b). The Court finds the terms of the Settlement are within the range of possible approval, pursuant to the FLSA and applicable law.

5.    The Court finds: (a) the settlement amount is fair and reasonable to the FLSA Collective Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues, and potential appeals; (b) significant discovery and risk assessment has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (c) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (d) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds the Settlement was entered into in good faith.

6.    The Court hereby authorizes the retention of Simpluris as Settlement Administrator for the purposes of the Settlement, with reasonable administration costs estimated not to exceed $7,000.00.

7.    The Court hereby reaffirms Josephson Dunlap LLP and Bruckner Burch PLLC as Class Counsel, reaffirms Roy Steward as the Class Representative of the Rule 23 class(es), and reaffirms Bradley Hardin as representative for the FLSA Collective.

8.      The Court hereby APPROVES the Notice of Class Action Settlement and FLSA (Exhibit A to the Settlement) and Notice of Collective Action Settlement (Exhibit B to the Settlement) (together, the "Notices"). The Court finds the Notices, along with the related notification procedure contemplated by the Settlement, constitutes the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds the Notices appear to fully and accurately inform the Class Members and Opt-in Plaintiffs of all material elements of the proposed Settlement, of the Class Members' right to be excluded from the Settlement, and of the Class Members' right and opportunity to object to the Settlement. The Court also finds the Notices appear to fully and accurately inform the FLSA Collective Members of all material elements of the proposed Settlement.

9.      The Court hereby authorizes dissemination of the Notices to the Class Members and Opt-in Plaintiffs. Subject to the terms of the Settlement, the Notices shall be mailed via first-class mail and email (where available), using the most current mailing and email addresses identified within the timeframe specified in the Settlement. The Settlement Administrator shall also host a static website where Class Members and Opt-in Plaintiffs can view the Notice. The Parties are authorized to make non-substantive

changes to the proposed Notices that are consistent with the terms of the Settlement and this Order (*e.g.*, correcting typos, scriveners errors, etc.).

10. The Court hereby APPROVES the proposed procedures for Class Members to request exclusion from the Rule 23 component of the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator during the time period permitted under the Settlement. Any Class Member who submits a written exclusion shall not be a member of the Class, shall be barred from participating in the Rule 23 component of the Settlement, shall not be permitted to object to the Settlement, shall not release any of the New York State wage and hour claims affected by the Rule 23 component of the Settlement, and shall receive no benefit from the Rule 23 component of the Settlement.

11. The Court preliminarily APPROVES Plaintiff's request for an award of attorneys' fees in the amount of 40% of the Gross Settlement Amount. The Court ORDERS Plaintiff's Counsel to file a motion for approval of the fee and cost award, and of the service award to the Class Representative, with the appropriate supporting evidence, to be heard at the same time as the motion for final approval of the Settlement.

12. The Court ORDERS Plaintiff's Counsel to file a motion for final approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the Class Members' identities

who request exclusion from the Settlement, at least 21 days before the Final Approval Hearing.

13.     The Court ORDERS that each Class Member be given a full opportunity to object to the Rule 23 component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on September 19, 2025 at 2:00 p.m. CST in this Court. Any member of the Class seeking to object to the proposed Settlement may file such objection in writing with the Court and shall serve such objection on Plaintiff's Counsel and Texian's Counsel.

Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notice of Settlement and adopts the following dates and deadlines:

| Date of Preliminary Approval | 06/20/2025 |
|---|---|
| Deadline for Texian to provide Simpluris with the Class List | On or before 07/04/2025 |
| Deadline for Simpluris to mail and email the Notice Packets to Class Members | On or before 07/18/2025 |
| Deadline for Class Members to postmark request to exclude themselves, or "opt-out," or to file objections to the Settlement | 08/17/2025 (*i.e.*, 30 days after the date notices are mailed) |
| Deadline for Simpluris to provide all counsel with a report showing  (i) the names of Class Members;  (ii) the Individual Settlement Payments owed to each Class Members and FLSA Collective Member; | On or before 08/29/2025 |

| | |
|---|---|
| (iii) the final number of Class Members who have submitted objections;<br><br>(iv) the final number of individuals who have submitted valid requests to exclude themselves from the Class/Settlement; and<br><br>(v) the number of undeliverable Notice Packets. | |
| Deadline for filing of Final Approval Motion | On or before 08/29/2025 |
| Deadline for Simpluris to provide the Court and all counsel with a statement detailing the Settlement Administration Costs and its administration of the Notices | On or before 09/09/2025 |
| Final Approval Hearing | 09/19/2025 at 2:00 p.m. |
| Effective Date | The later of:<br><br>(i) If there is no timely objection to the settlement or if any objections which were filed are withdrawn before the Final Approval Hearing, then **09/22/2025**; or<br><br>(ii) If there is an objection(s) to the settlement that is not subsequently withdrawn, then **10/20/2025**; or<br><br>(iii) If there is a timely objection(s) and appeal by an objector(s), then after such appeal(s) is dismissed or the Court's Final Approval Order is affirmed on appeal. |

| | | |
|---|---|---|
| Deadline for Texian to pay the Gross Settlement Amount into the Qualified Settlement Account | (i) | If there is no timely objection to the settlement or if any objections which were filed are withdrawn before September 19, 2025, then **10/22/2025**; or |
| | (ii) | If there is an objection(s) to the settlement that is not subsequently withdrawn, then **10/30/2025**; or |
| | (iii) | If there is a timely objection(s) and appeal by an objector(s), then 10 calendar days after such appeal(s) is dismissed or the Court's Final Approval Order is affirmed on appeal. |
| Deadline for Texian to deposit the employer share of Payroll Taxes | (i) | If there is no timely objection to the settlement or if any objections which were filed are withdrawn before September 19, 2025, then **10/13/2025**; or |
| | (ii) | If there is an objection(s) to the settlement that is not subsequently withdrawn, then **11/10/2025**; or |
| | (iii) | If there is a timely objection(s) and appeal by an objector(s), then 21 calendar days after such appeal(s) is dismissed or the Court's Final Approval Order is affirmed on appeal. |
| Deadline for Simpluris to make payments under the Settlement to Participating Individuals, Class Representative, Plaintiff's Counsel, and itself | (i) | If there is no timely objection to the settlement or if any objections which were filed are withdrawn before September 19, 2025, then **11/06/2025**; or |
| | (ii) | If there is an objection(s) to the settlement that is not |

|  | | subsequently withdrawn, then **12/04/2025**; or |
|  | (iii) | If there is a timely objection(s) and appeal by an objector(s), then 45 calendar days after such appeal(s) is dismissed or the Court's Final Approval Order is affirmed on appeal. |
| Check-cashing deadline | 120 days after issuance of payments | |
| Deadline for Simpluris to provide written certification of completion of administration of the Settlement to all counsel and to the Court | Within 10 days after final disbursement of funds. | |

14.     The Court further ORDERS that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

15.     If for any reason the Settlement is not finally approved or does not become effective, this Order Granting Preliminary Approval shall be deemed vacated and shall have no force or effect whatsoever, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void, and the Action shall proceed as if no settlement had been attempted.

16.     The Court may, for good cause shown, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

**IT IS SO ORDERED.**

Dated: _____June 23, 2025_____          _____

THE HONORABLE PETER BRAY
United States Magistrate Judge

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BRADLEY HARDIN and BENJAMIN FEIST, Individually and for Others Similarly Situated, <br><br> v. <br><br> THE TEXIAN GROUP, INC. | Case No. 4:22-CV-111 |

**CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE**

**1.     INTRODUCTION**

1.1.     This Class and Collective Action Settlement Agreement and Release is made and entered into by and between the following parties: Bradley Hardin and Roy Steward, individually and on behalf of all those similarly situated, and The Texian Group, Inc., through their respective counsel of record.

**2.     DEFINITIONS**

2.1.     The following definitions are applicable to this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement also shall be applicable. The Parties agree that references and definitions related to "Class" or "Collective" aspects of this Settlement are based on a negotiated resolution of disputed claims asserted in the Action and do not constitute a stipulation or agreement regarding the merits of the claims or defenses in the Action.

2.2.     "Action" means *Hardin, et al. v. The Texian Group, Inc.*, Case No. 4:22-CV-111, In the United States District Court for the Southern District of Texas.

2.3.     "Class", "Class Members", "Rule 23 Class", or "Rule 23 Class Members" means the 92 individuals included within the certified Rule 23 class who worked for Texian in the State of New York at some time from January 12, 2016 through November 19, 2024.

2.4.     "Class Counsel" means Josephson Dunlap LLP and Bruckner Burch PLLC.

2.5.     "Class Counsel Award" means the total amount to be paid to Class Counsel, including Class Counsel Fees and Class Counsel Expenses.

2.6.     "Class Counsel Expenses" means the amount of reasonable litigation expenses Class Counsel has incurred in connection with this Action, up to and including $15,000.00,

including all pre-filing investigation, filing of the action and related litigation activities, this Settlement, and post-Settlement administration and compliance procedures.

2.7.   "Class Counsel Fees" means an amount up to $600,000.00 (40% of the Gross Settlement Amount), the final amount is to be determined by the Court, to compensate Class Counsel for their attorneys' fees incurred in connection with the Action.

2.8.   "Class Representative" means Roy Steward in his capacity as the representative of the Rule 23 class action.

2.9.   "Collective", "Collective Members", or "Opt-in Plaintiffs" means the 50 individuals who have submitted their written consents to join the 29 U.S.C. § 216(b) collective action.

2.10.   "Collective Representative" means Bradley Hardin, as agreed to by the 49 other individuals who signed written consents to join the collective action.

2.11.   "Complaint" means the Complaint filed in this Action, and all amendments thereto.

2.12.   "Court" means the United States District Court for the Southern District of Texas.

2.13.   "Defendant" or "Texian" means The Texian Group, Inc.

2.14.   "Effective Date" means (i) if there is an objection(s) to the settlement that is not subsequently withdrawn, then the date upon the expiration of time for appeal of the Court's Final Approval Order; or (ii) if there is a timely objection(s) and appeal by an objector(s), then after such appeal(s) is dismissed or the Court's Final Approval Order is affirmed on appeal; or (iii) if there is no timely objection to the settlement, or if any objections which were filed are withdrawn before the date of Final Approval, then the first business day after the Court's order granting Final Approval of the Settlement.

2.15.   "Final Approval" means the Court order granting final approval of the Settlement Agreement.

2.16.   "Gross Settlement Amount" means the total amount of $1,500,000.00 that Texian is required to pay under this Settlement Agreement to satisfy the Individual Settlement Payments to Participating Settlement Members, the Service Payment to Class Representative and Collective Representative, the Settlement Administration Costs to the Settlement Administrator, if any, and the Class Counsel Award. Except for Texian's employer-side portion of the payroll taxes on Individual Settlement Payments to Participating Settlement Members, Texian will not be required to pay more than $1,500,000.00 under this Settlement.

2.17.   "Individual Settlement Payment" means each Participating Settlement Member's allocated payment from the Net Settlement Amount calculated in accordance with the calculations described in Paragraph 4.13.

2.18.    "Net Settlement Amount" means the portion of the Gross Settlement Amount remaining after deduction of the Service Payment(s), the Settlement Administration Costs, if any, and the Class Counsel Award.

2.19.    "Notice of Settlement" means (i) the notice that the Court orders to be sent to all Class Members advising them of their rights under this Settlement Agreement, substantially in the form as Exhibit A attached hereto or as approved by the Court, and (ii) the notice the Court orders to be sent to all Collective Members advising them of their rights under this Settlement Agreement, substantially in the form as Exhibit B attached hereto or as approved by the Court.

2.20.    "Participating Settlement Member" means (i) Plaintiffs; (ii) the 50 Collective Members who have submitted their written consent to join this Action; and (iii) any of the 92 Class Members who do not submit a valid and timely letter requesting to be excluded from the Settlement, consistent with the terms set forth in this Settlement Agreement, and who will be bound by all terms and conditions of the Settlement Agreement, including their release of the Released Claims.

2.21.    "Parties" means Plaintiffs and Texian.

2.22.    "Plaintiffs" means, collectively, (i) Bradley Hardin, individually and in his capacity as the Collective Representative, and (ii) Roy Steward, individually, in his capacity as a Collective Member, and in his capacity as the Rule 23 Class Representative.

2.23.    "Preliminary Approval" means the Court order granting preliminary approval of the Settlement Agreement.

2.24.    "Qualified Settlement Account" means an account established by the Settlement Administrator, if any, into which the Gross Settlement Amount would be deposited in the event the Parties utilize a Settlement Administrator to administer the Settlement.

2.25.    "Response Deadline" means the deadline by which:

    2.25.1.    Class Members must postmark or email any request to be excluded from the Settlement;

    2.25.2.    Class Members must postmark or email any objection to the Settlement with the Court and serve on counsel for the Parties;

    2.25.3.    Any Class Member must postmark or email any dispute of the information in their Notice of Settlement; and

    2.25.4.    The Response Deadline shall be thirty (30) calendar days from the initial mailing of the Notice of Settlement, unless the 30th day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.

2.26.  "Released Parties" means Texian, including its current and former parents, subsidiaries, or affiliate entities, and each of their owners, officers, directors, members, managers, employees, attorneys, insurers, assigns, shareholders, successors, predecessors, managing agents, and agents.

2.27.  "Service Payment" means the amount to be paid to Class Representative and Collective Representative in recognition of their efforts and work in prosecuting the Action on behalf of Class and Collective Members.

2.28.  "Settlement Administration Costs" means, in the event the Parties hire a third-party settlement administrator, the expenses payable from the Gross Settlement Amount to the Settlement Administrator for administering the Settlement. In the event the Parties do not hire a third-party settlement administrator, such costs associated with administering the Settlement will be borne by Class Counsel and will be included in any request for an award of Class Counsel Expenses.

2.29.  "Settlement Administrator" means Simpluris, the third-party class action settlement administrator mutually agreed to by the Parties to handle the administration of this Settlement, subject to approval by the Court.

2.30.  "Settlement Agreement" means this stipulation of a class and collective action settlement and release.

2.31.  "Settlement" means the Parties' agreement to compromise the Action, the material terms of which are set forth in this Settlement Agreement.

2.32.  "Texian Counsel" shall mean Peckar & Abramson, P.C.

## 3.  RECITALS

3.1.  Plaintiff Bradley Hardin filed the Action against Texian on January 12, 2022, in the United States District Court for the Southern District of Texas. In the Complaint, Hardin alleged Texian violated the Fair Labor Standards Act ("FLSA") by failing to pay inspectors all overtime wages allegedly owed. Hardin thereafter amended the Complaint to include Benjamin Feist as an additional named plaintiff and to assert state-law claims under the New York Labor Law ("NYLL") as a putative Rule 23 class action based on the same or substantially similar factual predicate as the FLSA claims.

3.2.  On March 15, 2024, the Court granted Hardin's motion for issuance of FLSA notice to the other potential collective members. At the close of the opt-in period, FLSA collective action consisted of a total of 50 opt-in party plaintiffs.

3.3.  On March 15, 2024, the Court granted Steward's motion for Rule 23 class certification. At the close of the class notice period, one (1) putative class members timely and validly submitted a written request to be excluded from the class. In total, the Rule 23 class consists of 92 individuals.

3.4.   The parties agreed to attend a settlement conference with Magistrate Judge Diana Palermo on November 19, 2024. As a result of the settlement conference, the Parties agreed to settle the Action on the basis of the terms set forth in this Settlement Agreement.

3.5.   Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations and claims set forth in the Recitals. In agreeing to this Settlement Agreement, Plaintiffs and Class Counsel have considered: (a) the facts developed during discovery and the Parties' mediation process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Texian; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiffs and Class counsel have concluded that the terms of this Settlement are fair, reasonable, and adequate, and that it is in the best interests of the Plaintiffs, the Class, and the Collective (as defined above) to settle their claims against Defendant pursuant to the terms set forth herein.

3.6.   Defendant denies the allegations in the Action and denies any and all liability, including any liability for alleged failure to pay for all hours worked, overtime compensation, wage statement penalties, or any alleged wage payment, wage and hour, or similar violation. This Settlement Agreement shall not be construed as an admission by Defendant of any fault, liability, or wrongdoing, which Defendant expressly denies.

3.7.   The Parties recognize that notice to the Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants Final Approval of it and the Effective Date occurs.

**4.  TERMS OF AGREEMENT**

Plaintiffs, individually and on behalf of Class and Collective Members, and Defendant agree as follows:

4.1.   <u>Terms of Agreement Subject to Court Approval.</u>  All terms set forth in this Settlement Agreement are subject to Court approval. For purposes of settlement, the Parties stipulate that the Court's previous rulings regarding the propriety of class treatment under Federal Rule of Civil Procedure 23 and collective action treatment under 29 U.S.C. § 216(b) shall not be disturbed. Plaintiffs shall apply to the Court for approval of the Settlement Agreement. After review, and input by Defendant regarding Plaintiffs' application for Court approval, and subject to Judge Palermo resolving any disagreements between the parties regarding the application, Defendant shall not oppose this application for Court approval. The Parties agree that final class and collective action certification for purposes of the Settlement is not an admission that final class and collective certification would otherwise be proper or uncontested absent the settlement herein, and that this Settlement will not be admissible in this, or any other, legal process as evidence that (a) Defendant

would not attempt to challenge the finality of class or collective certification, or would otherwise not be able to "decertify" the class or collective; (ii) final representative treatment is appropriate; or (iii) Defendant is liable to Plaintiffs or any of the Class or Collective Members.

4.2.    <u>Funding the Settlement.</u>  Texian shall make a one-time payment deposit of the Gross Settlement Amount into a Qualified Settlement Account to be established by the Settlement Administrator. The funds in the Qualified Settlement Account shall be used to pay: (i) Individual Settlement Payments; (ii) Class Counsel Award; (iii) Service Payments; and (iv) Settlement Administration Costs. Defendant shall deposit the Gross Settlement Amount within ten (10) calendar days of the Effective Date, or otherwise by May 23, 2025, whichever date occurs later.

As set forth herein, one-half of each Individual Settlement Payment shall be allocated as back wages. Texian shall separately pay all of the employer's share of withholding and taxes associated with the wage-portion of the Individual Settlement Payments, including but not limited to all required FICA and FUTA taxes on such amounts ("Texian's Payroll Taxes"). Texian shall pay Texian's Payroll Taxes separately from, and in addition to, the Gross Settlement Amount. The Settlement Administrator shall calculate the employer share of taxes and provide Texian with the total amount of Texian's Payroll Taxes within seven (7) calendar days of the Effective Date. Texian shall deposit the amount of Texian's Payroll Taxes within twenty-one (21) calendar days of the Effective Date, or otherwise by May 23, 2025, whichever date occurs later.

4.3.    <u>Service Payments.</u>  In exchange for a general release, and in recognition of their efforts and work in prosecuting the Action on behalf of Class and Collective Members, Texian agrees not to oppose any application or motion for Service Payment awards to Class Representative and Collective Representative in the following amounts:

4.3.1.    Collective Representative Bradley Hardin: $15,000.00

4.3.2.    Rule 23 Class Representative Roy Steward: $15,000.00

The Service Payment shall be paid from the Gross Settlement Amount. Any reduction in the amount of the Service Payment by the Court will not revert to Defendant, but shall be returned to the Net Settlement Amount to be distributed to the Collective Members and Participating Class Members. The Settlement Administrator shall issue an IRS form 1099 on behalf of Texian for the Service Payments. Class Representative and Collective Representative shall be solely and legally responsible to pay any and all applicable taxes on the payment made pursuant to this paragraph and shall hold Defendant harmless from any claim or liability for taxes, penalties, or interest arising as a result of the payment.

4.4.    <u>Settlement Administration Costs.</u>  The Settlement Administrator shall be paid for the costs of administering the Settlement. The estimate of the Settlement Administration costs is up to $7,000.00. If the Settlement Administration Costs exceed $7,000.00, such cost will be deducted from the Net Settlement Amount. Any portion of the Settlement

Administration Costs that are not used or which are not allowed by the Court will be part of the Net Settlement Amount for distribution to Participating Settlement Members. These costs, which shall be paid from the Gross Settlement Amount, shall be used to administer the Settlement, including, *inter alia*, preparing the required tax reporting on the Individual Settlement Payments, issuing 1099 and W-2 IRS Forms, printing, distributing, and tracking the Notices of Settlement, calculating Individual Settlement Payments, processing claims exclusion requests, consulting with counsel regarding resolution of disputed workweeks, distributing the Gross Settlement Amount as directed by the Court and as set forth herein, and providing necessary reports and declarations as requested by the Parties. No fewer than ten (10) calendar days before the Final Approval Hearing, the Settlement Administrator shall provide the Court and all counsel for the Parties with a statement detailing the Settlement Administration Costs. The Parties agree to cooperate in the Settlement Administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement. An IRS Form 1099 shall be issued on behalf of Texian to the Settlement Administrator.

4.5.   <u>Payment of Class Counsel Award.</u>  Defendant agrees not to oppose any application or motion by Class Counsel for an award of Class Counsel Fees not to exceed $600,000 (40% of the Gross Settlement Amount), and Class Counsel Expenses not to exceed $15,000.00. The Class Counsel Award shall be paid out of the Gross Settlement Fund. To the extent the Court does not approve the full amount of Class Counsel Fees or Class Counsel Expenses, or any portion of the Class Counsel Award is not awarded to Class Counsel, the remaining amounts shall be returned to the Net Settlement Amount for distribution to Participating Settlement Members. Class counsel shall be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this Paragraph. IRS Form 1099 shall be provided by Texian to Class Counsel for the payments made pursuant to this Paragraph.

4.6.   <u>Net Settlement Amount.</u>  The Net Settlement Amount shall be available for distribution to Participating Settlement Members in accordance with the notice procedure and formula set forth in this Settlement Agreement.

4.7.   <u>Notice Procedure.</u>  The Settlement Administrator shall be responsible for the following notice procedure.

4.7.1.   <u>Settlement Website and Toll-Free Call Center.</u>  The Settlement Administrator will create a website for the Settlement, which will allow Class and Collective Members to view the Notice of Settlement (in generic form), this Settlement Agreement, and all papers filed by Class counsel to obtain preliminary and final approval of the Settlement. Additionally, the Settlement website will provide contact information for Class Counsel, Texian's Counsel, and the Settlement Administrator. The Settlement Administrator will provide Class counsel and Texian's Counsel with a preview of the proposed website. Class Counsel and Texian's Counsel must approve the website before it goes live and also must

approve any modifications to the website. The Settlement Administrator shall also create a toll-free call center to field telephone inquiries from Class and/or Collective Members during the notice and settlement administration period(s). The Settlement Administrator will be directed to take the website and call center down after the 120-day check cashing period for Individual Settlement Payment checks.

4.7.2.    <u>Delivery of the Class List.</u>  Within fourteen (14) calendar days after Preliminary Approval, Texian shall provide an up-to-date Class List to the Settlement Administrator and to Class Counsel. The Class List shall remain confidential and shall not be disclosed to anyone (other than Class Counsel), except as necessary to carry out reasonable efforts described herein, and pursuant to express authorization by Texian. The Settlement Administrator and Class Counsel shall keep the Class List confidential and shall not use the Class List for any purpose other than administering the settlement of this case.

4.7.3.    <u>Notice by First-Class Mail and Email.</u>  Within fourteen (14) calendar days of receiving the Class List, the Settlement Administrator shall send, via First Class U.S. Mail and personal email, where available, using the most current mailing and email addresses identified, the Notice of Settlement to Class and Collective Members.

4.7.4.    <u>Procedure for Lost and Undeliverable Mail.</u>

4.7.4.1.    Any Notice of Settlement sent by U.S. Mail that is returned to the Settlement Administrator as non-deliverable on or before the Response Deadline shall be sent to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address using skip-trace, or other search using the name, address and/or Social Security number of the Class or Collective Member involved, and shall re-mail the Notice of Settlement. For Opt-in Plaintiffs only, the Settlement Administrator shall promptly work with Class Counsel to obtain forwarding addresses. Class Counsel shall use their best efforts to locate forwarding addresses for Opt-in Plaintiffs whose Notices of Settlement are returned as non-deliverable.

4.7.4.2.    The Response Deadline for any Class or Collective Member who is re-mailed a Notice of Settlement shall be extended fifteen (15) calendar days from the original thirty (30) calendar day deadline.

4.7.4.3.    If, after performing a skip-trace search, a Notice of Settlement mailed to a Rule 23 Class Member is again returned to the Settlement Administrator as non-deliverable, that individual will be deemed a Participating Settlement Member, and the Settlement Administrator will have no further obligation to undertake efforts to obtain an alternative address.

4.7.4.4.   If, after performing a skip-trace search and/or using a forwarding address provided by Class Counsel, the Notice of Settlement mailed to an Opt-in Plaintiff is again returned to the Settlement Administrator as non-deliverable, the Settlement Administrator will have no further obligation to undertake efforts to obtain an alternative address.

4.8.   <u>Request for Exclusion Procedure.</u>  The Notice of Settlement, specifically the notice in the form of Exhibit A attached hereto, shall provide Rule 23 Class Members with instructions on how to exclude themselves, or "opt-out," from the claims in this Settlement.

4.8.1.   Rule 23 Class Members who wish to opt-out of this Settlement shall notify the Settlement Administrator in writing that they want to exclude themselves (*i.e.*, opt-out) from the Settlement. The request to opt-out sent to the Settlement Administrator must be postmarked no later than the Response Deadline. Rule 23 Class members shall be permitted to rescind their opt-out statements in writing by submitting a rescission statement to the Settlement Administrator by email or postmarked mail no later than ten (10) business days before the Court's Final Approval hearing, orally at the Final Approval hearing, or as otherwise ordered by the Court.

4.8.2.   The proposed order granting Preliminary Approval of the Settlement will provide, and the Notice of Settlement will instruct Rule 23 Class Members that, to be valid, a written request to opt-out of the Settlement Agreement must include the Rule 23 Class Member's name (and any other names used while employed by Texian), full address, and signature, and state the following (or substantially similar language): I wish to opt-out of the Settlement of the Texian case. I understand that by requesting exclusion, I will not be eligible to receive any payment or other benefit from the class action Settlement involving Texian.

4.8.3.   A Rule 23 Class Member who does not properly and timely submit a request to opt-out of  the Settlement Agreement in the manner and by the Response Deadline specified above will automatically become a Participating Settlement Member, and will be bound by all terms and conditions of the Settlement Agreement, including its release of the Released Claims, if the Settlement Agreement is approved by the Court, and will be bound by the Final Approval order, regardless of whether he or she has objected to the Settlement Agreement.

4.8.4.   A Rule 23 Class Member who properly and timely submits a request to opt-out of the Settlement Agreement will **<u>not</u>** become a Participating Settlement Member, will not receive any funds from the settlement, and will not be bound by the Settlement Agreement.

4.8.5.   Counsel for the Parties shall not discourage Class Members or Collective Members from participating in, objecting to, or opting-out of the Settlement.

4.9.   <u>Objections Procedure.</u>   For a Rule 23 Class Member to object to the Settlement Agreement, a Rule 23 Class Member must mail to the Court by the Response Deadline a notice of objection, manually signed by the Class Member, stating: (i) the objector's name; (ii) current address; (iii) telephone number; (iv) dates of employment with Texian; (v) last four (4) digits of their Social Security number; and (vi) the factual and legal bases of the objection, including the reasons why the objector believes the Court should find that the proposed Settlement is not in the best interests of the Class Members and the reasons why the Settlement should not be approved. The objection must also state that it related to the Action. The objector must mail a copy of his or her objection to the Court by the Response Deadline. The postmark date of the objection shall be deemed the exclusive means for determining that the notice of objection is timely. Objectors shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Settlement Administrator by email or postmarked mail not later than ten (10) business days before the Court's Final Approval hearing, orally at the Final Approval hearing, or as otherwise ordered by the Court. A Rule 23 Class Member who does not mail a written objection in the manner and by the deadline specified in this paragraph will be deemed to have waived any objection and will be foreclosed from making any objections to the Settlement (whether by appeal or otherwise). A Rule 23 Class Member who files and serves timely notice of objection will have a right to appear at the Final Approval hearing to have their objections heard by the Court, but shall have no obligation to appear.

4.10.   <u>Disputed Information on Notices of Settlement.</u>   Each Class and Collective Member shall have an opportunity to dispute the computation of the pro-rata portion of the Net Settlement Amount attributed to them in the Notice of Settlement, and must mail and/or email such a dispute to the Settlement Administrator on or before the Response Deadline. The Class or Collective Member may produce evidence to the Settlement Administrator showing such information in the Notice of Settlement is inaccurate. Absent evidence rebutting Texian's records of number of weeks worked, Texian's records will be presumed determinative of the number of weeks worked by such Class or Collective Member. However, if a Class/Collective Member produces evidence to the contrary, Class Counsel and Texian's Counsel will evaluate the evidence submitted by the Class/Collective Member and will make the final decision as to the computation of the pro-rata distribution.

4.11.   <u>Weekly Reports Regarding Requests for Exclusion, Objections, and Disputes.</u>   The Settlement Administrator shall provide Class Counsel and Texian's Counsel a weekly report which certifies (i) the number of Rule 23 Class Members who have submitted valid or defective letters requesting exclusion from the Settlement; (ii) whether any Rule 23 Class Member has submitted an objection to the Settlement; (iii) whether any Opt-in Plaintiff or Rule 23 Class Member has submitted a challenge to any information contained in their Notice of Settlement; and (iv) the number of returned, undeliverable and/or re-mailed Notices of Settlement. Additionally, the Settlement Administrator will provide to counsel for both Parties any updated reports regarding the administration of the Settlement as needed or requested.

4.12.  <u>Individual Settlement Payment Calculations.</u>    The Settlement Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments that Class and Collective Members may receive under the terms of this Settlement Agreement. Should any question arise regarding the determination of eligibility for participation in the Settlement or the amount of any Individual Settlement Payment under the terms of this Settlement Agreement, Class Counsel and Texian's Counsel will meet and confer in an attempt to reach an agreement. Any unresolved disputes concerning the administration of the Settlement Agreement will be resolved by the Court, under the laws of the State of Texas.

4.12.1.  Each Participating Settlement Member will receive a payment from the Net Settlement Amount based on each person's total number of workweeks worked as defined herein. Specific calculations of Participating Settlement Members' Individual Settlement Payments shall be made as follows:

4.12.1.1.  Each Participating Settlement Member shall be eligible to receive a pro-rata portion of the Net Settlement Amount based on the Participating Settlement Member's total workweeks worked for Texian within the relevant limitations period (*i.e.*, for the FLSA claims, from January 12, 2019 through the date of Preliminary Approval, and for the NYLL claims, from January 12, 2016 through the date of Preliminary Approval). Each workweek shall constitute one (1) share of the Net Settlement Amount. The settlement shares will be calculated by (a) dividing the Net Settlement Amount by the total number of workweeks worked by all Participating Settlement Members, and (b) multiplying the result by each individual Participating Settlement Member's workweeks worked during the relevant time periods. For any Participating Settlement Member who is both a Rule 23 Class Member and an Opt-in Plaintiff, their settlement share calculation shall be the sum of their workweeks worked during the entire FLSA limitations period (*i.e.*, January 12, 2019 through the date of Preliminary Approval), plus the sum of their workweeks performed in the State of New York from the beginning of the NYLL limitations period (*i.e.*, January 12, 2016) through January 11, 2019. Participating Settlement Members who are both a Rule 23 Class Member and an Opt-in Plaintiff shall not be permitted to double-count workweeks that overlap between the NYLL limitations period and the FLSA limitations period.

4.12.2.  The Settlement Administrator shall report the estimated pro-rata portion of Net Settlement Amount for each Participating Settlement Member in the Notice of Settlement, based on the allocations set forth in this section, assuming that no Rule 23 Class Members request exclusion ("opt-out") from the Settlement.

4.13.  <u>Allocation of Individual Settlement Payments.</u>    One-half (50%) of each Individual Settlement Payment shall be allocated as wages, and one-half (50%) of each Individual Settlement Payment shall be allocated as non-wage compensation such as liquidated

damages, penalties and interest. Individual Settlement Payments will be paid out to Participating Settlement Members subject to reduction for the employee's share of withholdings and taxes associated with the wage-portion of the Individual Settlement Payment, for which Participating Settlement Members shall be issued a Form W-2. Participating Settlement Members will also be issued a Form 1099 for the portion of the Individual Settlement Payment that is allocated as non-wage compensation. No settlement funds will be used to pay the employer-side contributions for federal withholding or payroll taxes.

4.14.  <u>Payment of the Settlement Amounts.</u>  The Settlement Administrator shall have the authority and obligation to make all payments, credits, and disbursements, calculated in accordance with the methodology set out in this Settlement Agreement and orders of the Court.

4.14.1.  The Settlement Administrator's duties include, and are not limited to, reporting payments under the Settlement to all required taxing and other authorities, taking and transmitting the appropriate employee's and employer's share of withholding and taxes with respect to the wage portion of the Individual Settlement Payments, and issuing IRS Forms W-2 and 1099. No person shall have any claim against Texian, Texian's Counsel, Plaintiffs, Rule 23 Class Members, Collective Members, Class Counsel, and the Settlement Administrator based on distributions and payments made in accordance with this Settlement Agreement.

4.14.2.  With respect to Participating Settlement Members whose Notice of Settlement are undeliverable by U.S. Mail, as provided in Paragraph 4.7.4, settlement checks shall be sent to the last mailing address obtained by the Settlement Administrator with respect to the Participating Settlement Member. If the settlement checks are not negotiated within the timeframe set forth in Paragraph 4.16, the corresponding funds shall be handled as provided in Paragraph 4.16.

4.15.  <u>Distribution Timing.</u>  Within forty-five (45) calendar days of the Effective Date, the Settlement Administrator shall issue payments to (i) Participating Settlement Members; (ii) Class Representative; (iii) Collective Representative; (iv) Class Counsell and (v) itself, for Court-approved services performed in connection with the Settlement.

4.16.  <u>Non-Negotiated Settlement Checks.</u>  Any checks issued by the Settlement Administrator to Participating Settlement Members shall be negotiable for one hundred and twenty (120) calendar days from the date of issuance. Any funds from the settlement checks sent to Participating Settlement Members that are returned as undeliverable or are not negotiated within one hundred and twenty (120) calendar days after issuance shall be distributed as follows: the settlement funds apportioned to such Participating Settlement Member shall be deposited in the state treasury's unclaimed funds account for the state where that Participating Settlement Member last lived according to Texian's records, for the benefit of such Participating Settlement Member.

4.17. <u>Settlement Administrator's Final Report(s).</u>  Within ten (10) business days after the Response Deadline, the Settlement Administrator shall provide Class Counsel and Texian's Counsel a report showing: (i) the names of Ruler 23 Class Members who did not request exclusion and who are therefore Participating Settlement Members; (ii) the names of all individuals who submitted timely and valid requests for exclusion; (iii) the names of all Opt-in Plaintiffs; (iv) the final number of Participating Settlement Members who submitted objections; (v) the final number of Participating Settlement Members who disputed the information in their Notice of Settlement; (vi) the Individual Settlement Payments owed to each Participating Settlement Member; and (vii) the number of undeliverable Notice of Settlement. Upon completion of administration of the Settlement, the Settlement Administrator shall provide written certification of such completion to counsel for all Parties and the Court. This written certification shall include the total number of Participating Settlement members, the total number of Rule 23 Class Members who did not request exclusion, the average recovery per Participating Settlement Member, the median recovery for Participating Settlement Members, the largest and smallest amounts paid to Participating Settlement Members, and the number and value of checks not cashed.

4.18. <u>Release.</u>  Upon the Final Approval by the Court of this Settlement Agreement and payment of amounts set forth herein, and except as to such rights or claims as may be created by this Settlement Agreement, Participating Settlement Members, on behalf of themselves and their heirs and assigns, hereby release claims as follows (the "Released Claims") against the Released Parties:

4.18.1. The FLSA Collective Members release all federal wage-and-hour claims they have or could have brought against Released Parties based on the factual allegations in the Complaint, including all FLSA claims asserted in the Action, related state wage-and-hour claims that FLSA Collective Members may bring based on the same or similar factual predicates, claims that Texian did not pay all the amounts due for work that was performed for Texian or Texian's benefit during the relevant FLSA limitations period, and including, but not limited to, any and all claims for alleged failure to pay wages or overtime, for alleged failure to pay all wages when those wages were due, and claims for liquidated damages, penalty wages, statutory damages, interest, and attorneys' fees and costs on any such wages, overtime, or penalty wages.

4.18.2. The Rule 23 Class Members who do not timely exclude themselves from the Settlement release all wage-and-hour claims based in New York state law they have or could have brought against Released Parties based on the factual allegations in the Complaint, including all NYLL claims asserted in the Action, related New York state wage-and-hour claims that such Rule 23 Class Members may bring based on the same or similar factual predicates, claims that Texian did not pay all the amounts due for work that was performed for Texian or Texian's benefit in the State of New York during the relevant NYLL limitations period, and including, but not limited to, any and all New York-based (including all state,

county, municipal, or other law so long as it accrued within the State of New York) claims for alleged failure to pay wages or overtime, for alleged failure to pay all wages when those wages were due, and claims for liquidated damages, wage statement or wage notice penalties, other penalty wages, statutory damages, interest, and attorneys' fees and costs on any such wages, overtime, or penalty wages.

4.18.3.    The Released Claims set forth above shall include all the above claims through the date of Preliminary Approval of the Settlement.

4.19.    <u>Release Language on Individual Settlement Share Checks.</u>    The Settlement Administrator shall include the following release language on the back of each Individual Settlement Payment check, as appropriate for (i) Class Representative and Collective Representative, (ii) Opt-in Plaintiffs, and (iii) Rule 23 Class Members:

<u>For Class Representative, Collective Representative, Opt-in Plaintiffs, and Rule 23 Class Members who are also Opt-in Plaintiffs</u>: The restrictive endorsement shall read substantially as follows: "This check is issued in full and final settlement of *Hardin v. The Texian Group, Inc.*, Case No. 4:22-cv-00111 (S.D. Tex.). By you having consented to join the Action under the Fair Labor Standards Act ("FLSA"), not opting out of the Settlement, and the Court having approved the Settlement, you have released The Texian Group of claims under the FLSA and all related state-law wage-and-hour claims, as defined in the Settlement Agreement."

<u>For Rule 23 Class Members (who are not Opt-in Plaintiffs)</u>: The restrictive endorsement shall read substantially as follows: "This check is issued in full and final settlement of *Hardin v. The Texian Group, Inc.*, Case No. 4:22-cv-00111 (S.D. Tex.). By not opting out of the Settlement you have released Texian of all claims under New York State wage and hour law, as defined in the Settlement Agreement."

4.20.    <u>General Release by Class Representative and Collective Representative Only.</u>    As of the Effective Date, and with the exceptions set forth herein, Class Representative and Collective Representative shall release the Released Claims against the Released Parties, and, in the event the Court approves the Service Payments to them, Class Representative and Collective Representative make the following additional general release in favor of the Released Parties:

4.20.1.    Class Representative and Collective Representative, in their individual capacities only, hereby unconditionally waive and forever release any and all demands, damages, debts, liabilities, actions, causes of action, and claims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, which they ever had or now have against the Released Parties arising or accruing at any time before the Effective Date. Class Representative and Collective Representative may hereafter discover facts in addition to or different from those now known or believed to be true, but stipulate and agree that, upon the Effective

Date, the Class Representative and Collective Representative fully, finally, and forever settles and releases any and all claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity and without regard to the subsequent discovery or existence of such different or additional facts. Class Representative and Collective Representative are deemed by operation of the order granting Final Approval to have agreed not to sue or otherwise make a claim against any of the Released Parties for any claim accrued prior to the Effective Date.

4.20.2.  Class Representative and Collective Representative acknowledge and agree that no other wages, monies, expense reimbursements, or benefits are owing to them other than those set forth in this Settlement Agreement.

4.21.  <u>Final Approval Hearing and Entry of Judgment.</u>  Upon expiration of the deadlines and postmark a letter requesting exclusion from the Settlement, or objections to the Settlement Agreement, and with the Court's permission, a Final Approval hearing shall be conducted to finally determine the fairness of the Settlement, including the amounts properly payable for (i) Individual Settlement Payments; (ii) the Class Counsel Award; (iii) the Class Representative Service Payment; (iv) the Collective Representative Service Payment; and (v) all Settlement Administration Costs. Class Counsel will be responsible for drafting the attorneys' fees and costs application to be heard at the Final Approval hearing.

4.22.  <u>Judgment and Continued Jurisdiction.</u>  After entry of the Final Approval order and judgment, the Court shall retain continuing jurisdiction, solely for purposes of addressing: (i) the interpretation and enforcement of the terms of the Settlement; (ii) settlement administration matters; and (iii) such post-judgment matters as may be appropriate under court rules or as set forth in this Agreement.

4.23.  <u>No Solicitation of Settlement Objections or Exclusions.</u>  The Parties agree to use their best efforts to carry out the terms of this Settlement Agreement. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Rule 23 Class members to submit either a letter requesting exclusion from the Settlement or written objections to the Settlement Agreement, or to appeal from the Court's final judgment.

4.24.  <u>Nullification of Settlement Agreement.</u>  In the event: (i) the Court does not finally approve the Settlement as provided herein; (ii) the Court does not enter a final judgment as provided herein, which becomes final as a result of the occurrence of the Effective Date; or (iii) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning. In such case, the Parties shall be returned to their respective statuses as of the date and time immediately before the execution of this Settlement Agreement and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed. In the

event an appeal is filed from the Court's final judgment, or any other appellate review is sought before the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review (unless otherwise agreed to by the Parties).

4.25. <u>No Admission.</u>  Nothing contained herein, nor the consummation of the Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Texian or any of the other Released Parties. Each of the Parties hereto has entered into this Settlement Agreement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses. This Settlement Agreement is a settlement document and, pursuant to Federal Rule of Evidence 408 and/or any other similar law, shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve the Settlement, and/or interpret or enforce this Settlement Agreement.

4.26. <u>Notices.</u>  Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| **To Class Counsel:** | **To Texian's Counsel:** |
|---|---|
| Michael A. Josephson | Stephen E. Irving |
| Andrew W. Dunlap | **PECKAR & ABRAMSON P.C.** |
| William M. Hogg | 1717 West Loop South, Suite 1400 |
| **JOSEPHSON DUNLAP LLP** | Houston, Texas 77027 |
| 11 Greenway Plaza, Suite 3050 | |
| Houston, Texas 77046 | |

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046

4.27. <u>Tax Liability.</u>  The Parties make no representations as to the tax treatment or legal effect of the payments called for hereunder, and Participating Settlement Members are not relying on any statement or representation by the Parties in this regard. Participating Settlement Members understand and agree that each will be solely responsible for the payment of any taxes and penalties assessed on the payments which are issued to them, as described herein.

**5. DUTIES OF THE PARTIES PRIOR TO PRELIMINARY APPROVAL AND BETWEEN PRELIMINARY AND FINAL APPROVAL**

5.1.    Promptly after execution of this Settlement Agreement, Plaintiffs shall move the Court for Preliminary Approval of the Settlement and obtain entry of an order accomplishing the following:

5.1.1.    Preliminarily approving the Settlement;

5.1.2.    Approving as to form and content the proposed Notice of Settlement forms;

5.1.3.    Directing the mailing of the Notice of Settlement;

5.1.4.    Preliminarily approving the application for payment of reasonable attorneys' fees and litigation-related expenses and costs payable to Class Counsel;

5.1.5.    Preliminarily approving the Service Payments to Class Representative and Collective Representative;

5.1.6.    Preliminarily approving settlement administration services to be provided by the Settlement Administrator, and its estimated fees and costs up to $7,000.00; and

5.1.7.    Scheduling the Final Approval hearing.

5.2.    The Parties shall submit this Settlement Agreement in support of Plaintiffs' unopposed, or the Parties' joint, motion for Preliminary Approval of the Settlement. Plaintiffs shall not file the unopposed/joint motion for Preliminary Approval or any other documents related thereto until Texian's Counsel has approved their contents.

5.3.    Class Counsel will file a motion, either unopposed or joint, for Final Approval of the Settlement and supporting documents with the Court at least thirty (30) days before the Final Approval hearing. Supporting documents include: (i) a declaration by the Settlement Administrator of due diligence and proof of mailing of the Notice of Settlement required to be mailed to the Rule 23 Class Members and Opt-in Plaintiffs by this Settlement Agreement, and of the delivery results of the Settlement Administrator's mailings including tracing and re-mailing efforts; (ii) a proposed order granting Final Approval; and (iii) a proposed final judgment. Class Counsel will send Texian's Counsel the motion for Final Approval of the Settlement for review and comments before filing the motion. Texian's Counsel shall have fourteen (14) calendar days in which to provide its comments. The Parties will meet and confer and agree upon the proposed order granting Final Approval and the proposed final judgment. If the Parties are unable to agree on the terms of the proposed order, Magistrate Judge Palermo will resolve any disputes.

5.4.    Texian will not oppose, and may join in the motion if it so chooses, Final Approval of the Settlement.

5.5.    As described in Paragraph 5.3, Class Counsel will submit a proposed order and judgment for Final Approval. The proposed order and judgment shall include the following findings and orders:

    5.5.1.    Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing that its terms and provisions be carried out;

    5.5.2.    Approving the payment of the Service Payments to Class Representative and Collective Representative;

    5.5.3.    Approving Class Counsel's application for an award of attorneys' fees and reimbursement of out-of-pocket litigation costs and expenses;

    5.5.4.    Ordering that the Settlement be disbursed pursuant to the terms in the Settlement Agreement; and

    5.5.5.    Providing that the Court will retain jurisdiction to oversee administration and enforcement of the terms of the Settlement and the Court's orders.

## 6.  DUTIES OF THE PARTIES AFTER FINAL COURT APPROVAL

6.1.    Following entry of the Court's Final Approval order and judgment of the Settlement Agreement, he Parties will each act to assure the timely execution and the fulfillment of all the provisions, including but not limited to the following:

    6.1.1.    Should an appeal be taken from the Final Approval of the Settlement Agreement, all Parties will support the Final Approval order on appeal.

    6.1.2.    Class Counsel and Texian's Counsel will reasonably assist the Settlement Administrator as needed or requested in the process of identifying and locating Rule 23 Class Members, Opt-in Plaintiffs, and/or Participating Settlement Members entitled to payments from the Gross Settlement Amount and assuring delivery of such payments.

6.2.    Class Counsel will ensure the Settlement Administrator will certify to the Court completion of all payments required to be made by this Settlement Agreement.

6.3.    Class Counsel agrees that all documents provided to Class Counsel to date by Texian will be used solely for settlement of this matter. If and when the Action is dismissed, all such documents will be destroyed, shredded, or otherwise returned to Texian's Counsel, and Class Counsel will inform Texian's Counsel when documents have been destroyed.

## 7.  ADDITIONAL TERMS

7.1.    <u>Exhibits and Headings.</u>  The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the Settlement. The

descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

7.2.    <u>Amendment or Modification.</u>    Unless otherwise provided herein, this Settlement Agreement may be amended or modified only by a written instrument signed by the Parties, or signed by counsel for all Parties or their successors-in-interest.

7.3.    <u>Entire Agreement.</u>   This Settlement Agreement, any supplemental written agreement subsequently incorporated, and any attached Exhibits, constitute the entire Settlement Agreement among these Parties, and no oral or written representations, warranties, or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

7.4.    <u>Authorization to Enter Into Settlement Agreement.</u>   The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

7.5.    <u>Mutual Full Cooperation.</u>   The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement. In the event the Parties and their counsel are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provision that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the court to resolve such disagreement.

7.6.    <u>Binding on Successors and Assigns.</u>   This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

7.7.    <u>Opt-in Plaintiff and Class Member Signatories.</u>   It is agreed that, because the Class Members and Opt-in Plaintiffs are so numerous, it is impracticable to have each member execute this Settlement Agreement. The Notice of Settlement will advise all Opt-in Plaintiffs and Class Members of the binding nature of the release and, upon Final Approval, such shall have the same force and effect as if this Settlement Agreement were executed by each Participating Settlement Member.

7.8.    <u>Texas Law Governs.</u>   All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to federal law and/or the laws of the State of Texas.

7.9.    <u>Counterparts.</u>    This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and

the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts. The Parties agree that any signatory below may execute this Agreement using a verified electronic signature, which shall have the same force and effect as if signing the Agreement by hand.

7.10.  <u>Class Representative's and Collective Representative's Waiver of Right to be Excluded.</u> Class Representative and Collective Representative agree that by signing this Settlement Agreement, they are bound by the terms herein stated and further agree not to be excluded from the Settlement.

7.11.  <u>Confidentiality Preceding Preliminary Approval.</u>  Prior to filing the motion for preliminary approval of the Settlement, Class Representative, Collective Representative, Opt-in Plaintiffs, and Class Counsel agree that the terms of this Settlement (including but not limited to the Settlement Amount), the negotiations leading to this Settlement, and all documents related to the Settlement shall not be discussed with, publicized, or promoted to the public. Class Representative, Collective Representative, Opt-in Plaintiffs, and Class Counsel will not publish or publicize the Settlement Amount and will not issue any press releases disclosing the settlement amount or terms.

7.12.  <u>Notice to Government Agencies.</u>  Texian will provide notice and documents to appropriate entities as required by 28 U.S.C. § 1715.

Date: Jan 3, 2025
_____

Bradley Hardin (Jan 3, 2025 11:13 CST)
_____
Bradley Hardin

Date: _____

_____
Roy Steward

Date: _____

THE TEXIAN GROUP, INC.

_____
By: Katherine Borsellino
Title: President

the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts. The Parties agree that any signatory below may execute this Agreement using a verified electronic signature, which shall have the same force and effect as if signing the Agreement by hand.

7.10. <u>Class Representative's and Collective Representative's Waiver of Right to be Excluded.</u> Class Representative and Collective Representative agree that by signing this Settlement Agreement, they are bound by the terms herein stated and further agree not to be excluded from the Settlement.

7.11. <u>Confidentiality Preceding Preliminary Approval.</u>  Prior to filing the motion for preliminary approval of the Settlement, Class Representative, Collective Representative, Opt-in Plaintiffs, and Class Counsel agree that the terms of this Settlement (including but not limited to the Settlement Amount), the negotiations leading to this Settlement, and all documents related to the Settlement shall not be discussed with, publicized, or promoted to the public. Class Representative, Collective Representative, Opt-in Plaintiffs, and Class Counsel will not publish or publicize the Settlement Amount and will not issue any press releases disclosing the settlement amount or terms.

7.12. <u>Notice to Government Agencies.</u>  Texian will provide notice and documents to appropriate entities as required by 28 U.S.C. § 1715.


Date: _____

                                                 _____
Bradley Hardin

Date: Jan 3, 2025

            Roy Steward (Jan 3, 2025 14:41 EST)
_____
Roy Steward

Date: _____

THE TEXIAN GROUP, INC.


_____
By: Katherine Borsellino
Title: President

the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts. The Parties agree that any signatory below may execute this Agreement using a verified electronic signature, which shall have the same force and effect as if signing the Agreement by hand.

7.10. Class Representative's and Collective Representative's Waiver of Right to be Excluded. Class Representative and Collective Representative agree that by signing this Settlement Agreement, they are bound by the terms herein stated and further agree not to be excluded from the Settlement.

7.11. Confidentiality Preceding Preliminary Approval. Prior to filing the motion for preliminary approval of the Settlement, Class Representative, Collective Representative, Opt-in Plaintiffs, and Class Counsel agree that the terms of this Settlement (including but not limited to the Settlement Amount), the negotiations leading to this Settlement, and all documents related to the Settlement shall not be discussed with, publicized, or promoted to the public. Class Representative, Collective Representative, Opt-in Plaintiffs, and Class Counsel will not publish or publicize the Settlement Amount and will not issue any press releases disclosing the settlement amount or terms.

7.12. Notice to Government Agencies. Texian will provide notice and documents to appropriate entities as required by 28 U.S.C. § 1715.

Date: Jan 3, 2025

Bradley Hardin (Jan 3, 2025 11:13 CST)

Bradley Hardin

Date: _____

Roy Steward

Date: 1/14/2025

THE TEXIAN GROUP, INC.

By: Katherine Borsellino
Title: President

the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts. The Parties agree that any signatory below may execute this Agreement using a verified electronic signature, which shall have the same force and effect as if signing the Agreement by hand.

7.10.   <u>Class Representative's and Collective Representative's Waiver of Right to be Excluded.</u> Class Representative and Collective Representative agree that by signing this Settlement Agreement, they are bound by the terms herein stated and further agree not to be excluded from the Settlement.

7.11.   <u>Confidentiality Preceding Preliminary Approval.</u>   Prior to filing the motion for preliminary approval of the Settlement, Class Representative, Collective Representative, Opt-in Plaintiffs, and Class Counsel agree that the terms of this Settlement (including but not limited to the Settlement Amount), the negotiations leading to this Settlement, and all documents related to the Settlement shall not be discussed with, publicized, or promoted to the public. Class Representative, Collective Representative, Opt-in Plaintiffs, and Class Counsel will not publish or publicize the Settlement Amount and will not issue any press releases disclosing the settlement amount or terms.

7.12.   <u>Notice to Government Agencies.</u>   Texian will provide notice and documents to appropriate entities as required by 28 U.S.C. § 1715.

Date: _____

_____

Bradley Hardin

Date: **Jan 3, 2025**

Roy Steward (Jan 3, 2025 14:41 EST)

Roy Steward

Date: 1/14/2025

THE TEXIAN GROUP, INC.

By: Katherine Borsellino
Title: President

**NOTICE OF CLASS ACTION SETTLEMENT**
**AND HEARING DATE FOR COURT APPROVAL**

*Hardin, et al. v. The Texian Group, Inc.*, Case No. 4:23-cv-111
In the United States District Court for the Southern District of Texas

***THIS IS <u>NOT</u> AN ATTORNEY ADVERTISEMENT***

IF YOU WORKED FOR THE TEXIAN GROUP, INC. AS AN INSPECTOR IN THE STATE
OF NEW YORK AT ANY TIME BETWEEN JANUARY 16, 2016 THROUGH NOVEMBER
19, 2024, YOU MAY BE ENTITLED TO PAYMENT FROM A PROPOSED CLASS ACTION
SETTLEMENT.

YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.

PLEASE READ THIS NOTICE CAREFULLY

| 1. | Why Did I Get This Notice? |
|---|---|

A proposed class action settlement (the "Settlement") has been reached in *Hardin, et al. v. The Texian Group, Inc.*, Case No. 4:23-cv-111 (S.D. Tex.) (the "Action"). You received this Notice of Settlement ("Notice") because Texian's records show you are or were an inspector who was employed by Texian and performed work in the State of New York sometime between January 16, 2016 through November 19, 2024. Because you fit this definition, you may be entitled to receive money from the Settlement, as described below.[1]

| 2. | Why Should I Read This Notice? |
|---|---|

This Notice explains the Settlement that has been reached in the Action. It explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt-out") from the Settlement, or object to the Settlement. If you object to the Settlement, you cannot opt-out of the Settlement, and you will be bound by the terms of the Settlement if the Court denies your objection.

The United States District Court for the Southern District of Texas has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval hearing on September 19, 2025 at 2:00 p.m. CST, before the Honorable Peter Bray at the Bob Casey United States Courthouse, 515 Rusk Avenue, Courtroom 703, Houston, Texas 77002.

---

[1]  The capitalized terms in this Notice have defined meanings that are set out in detail in the Settlement Agreement. To review a copy of the Settlement Agreement, please visit the settlement website at [URL].

| 3. | **What is the Action About?** |
|---|---|

The Action alleged that individuals whom Texian employed as inspectors were not compensated for all hours worked, including overtime, and were not paid at the correct rates of pay for their overtime hours. Texian is referred to as the "Defendant." The Action was brought by Plaintiff Bradley Hardin ("Collective Representative") as a collective action under the federal overtime law called the Fair Labor Standards Act ("FLSA"). The Action also includes a class action for those inspectors who worked for Texian in the State of New York. The class is being represented by Plaintiff Roy Steward ("Class Representative") (together with Collective Representative, the "Plaintiffs"). The claims in the action are brought under the FLSA and the New York Labor Law ("NYLL") to recover unpaid overtime wages, liquidated damages, statutory penalties and an award of attorneys' fees and costs.

Defendant contends it has strong legal and factual defenses to these claims, but they recognize the risks, distractions, and costs associated with litigation. Defendant contends the wage and hour policies and practices at issue, including its timekeeping practices and pay calculation practices, are lawful and have been lawful throughout the relevant time period.

The Settlement is the result of good faith, arm's length negotiations between Plaintiffs and Defendant, through their respective attorneys. Both sides agree that, in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members. This Settlement is a compromise and is not an admission of liability on Defendant's part. By agreeing to settle, Defendant does not admit, and expressly denies, liability on any of the factual allegations or claims in the Action.

The Court has not ruled on the merits of Plaintiff's claims or Defendant's defenses.

The Settlement Administrator has created a Settlement website, which can be accessed at [URL]. The Settlement website allows interested persons to view the Settlement Agreement, all papers filed by Class counsel to obtain Court approval of the Settlement Agreement, and the Notices (in generic form). The Settlement website also provides contact information for Class Counsel, Texian's Counsel, and the Settlement Administrator.

| 4. | **What Are the Terms of the Settlement?** |
|---|---|

Texian has agreed to pay $1,500,000.00 to settle the Action (the "Gross Settlement Amount"), inclusive of the claims of all Class Members and Collective Members, as defined in this Section. Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (no greater than $600,000.00, plus attorneys' costs and litigation expenses not to exceed $15,000.00; *see* Section 11, below), settlement administration costs (estimated to be $7,000.00), and service awards to Class Representative and Collective Representative not to exceed $15,000.00 each for their services to the Class and FLSA Collective Members.

After deductions of these amounts, what remains of the Gross Settlement Amount (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to the inspectors who either (i) previously joined the Collective Action by submitting a signed written consent form (the "Collective Members"), or (ii) did not timely submit a written request to exclude themselves from the New York class (the "Class Members"). Collectively, Class Members and Collective Members are referred to as "Participating Settlement Members."

| 5. | How Will the Net Settlement Amount be Divided? |
|---|---|

All Participating Settlement Members will receive a proportional share of the Net Settlement Amount based on their total workweeks during the relevant time period. For Class Members, their proportionate share of the Net Settlement Amount will be based on the number of workweeks they performed work for Texian in the State of New York between January 12, 2016 through November 19, 2024. For Collective Members, their proportionate share of the Net Settlement Amount will be based on the number of workweeks they performed work for Texian anywhere in the country between January 12, 2019 through November 19, 2024. Each workweek shall constitute one (1) share of the Net Settlement Amount.

1. Each Participating Settlement Member shall be eligible to receive a pro-rata portion of the Net Settlement Amount based on their total settlement shares. Those settlement shares will be calculated by (a) dividing the Net Settlement Amount by the total number of workweeks worked by all Participating Settlement Members, and (b) multiplying the result by each individual' Participating Settlement Member's workweeks worked during the relevant time periods.

2. For any Class Member who also submitted a written consent to become a Collective Member, their settlement share calculation shall be the sum of their workweeks worked during the FLSA time period (*i.e.*, January 12, 2019 through November 19, 2024), plus the sum of their workweeks performed in the State of New York from the beginning of the NYLL time period (*i.e.*, January 12, 2016) through January 11, 2019, so as to avoid double-counting workweeks.

3. All Individual Settlement Payment determinations will be based on Texian's records for each Participating Settlement Member. However, Participating Settlement Members may dispute their calculated pro rata portion of the Net Settlement Amount, as discussed in the next section of this Notice.

| 6. | How Much Can I Expect to Receive? |
|---|---|

As a Participating Settlement Member, if the Court grants Final Approval of the Settlement and assuming no Class members request exclusion ("opt out"), your Individual Settlement Payment is estimated to be, at least, approximately $[AMOUNT]. This amount is estimated, and your final Settlement payment is expected to differ from this amount and will be calculated as set forth above. This amount is based on the number of workweeks you worked for Texian based on Texian's

records which show you worked [NUMBER] total eligible workweeks within the relevant time periods.

If you wish to dispute the number of workweeks shown here, you may produce evidence to the Settlement Administrator establishing the number of workweeks you contend you worked in New York from January 12, 2016 through November 19, 2024; or, if you previously submitted a written consent to join the Collective, the number of workweeks you contend you worked in New York from January 12, 2016 through January 11, 2019, and the number of workweeks you contend you worked for Texian anywhere in the country from January 12, 2019 through November 19, 2024.

To make such a dispute, please send a letter to the Settlement Administrator explaining the basis for your dispute and attach copies of the supporting evidence. Unless you present convincing evidence proving that your total eligible workweeks with Texian were different than the number of workweeks listed, your Individual Settlement Payment will be determined based on Texian's records. Any disputes must be postmarked by [DATE], and should be mailed to [SETTLEMENT ADMINISTRATOR ADDRESS]. The Settlement Administrator will notify you of the decision on the dispute.

For tax reporting purposes, Individual Settlement Payments to Participating Settlement Members will be allocated one-half (50%) as wages that are subject to payroll tax withholdings, and one-half (50%) as liquidated damages, penalties, and interest, for which a Form 1099 will be issued. None of the Parties or attorneys make any representations concerning the tax consequences of this Settlement or your participation in it. Participating Settlement Members should consult with their own tax advisors concerning the tax consequences of the Settlement.

If you participate in the Settlement, you will have 120 days to cash the Settlement Check that will be sent to you. If at the conclusion of the 120-day check cashing period, there are any uncashed checks, your Individual Settlement Payment will be distributed to the unclaimed fund account for the state where you lived, according to Texian's records. For you, that would be the unclaimed property fund for the state of [STATE].

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your Individual Settlement Payment. If you fail to keep your address current, you may not receive your Individual Settlement Payment and will be forced to recover the Individual Settlement Payment from the state unclaimed property fund.**

| 7. | What are the Releases? |
|---|---|

Upon final approval of the Settlement by the Court and payment of the monetary amounts due under the Settlement, Class Members release claims as follows (the "Released Claims") against Texian, including its current and former parents, subsidiaries, or affiliate entities, and each of their owners, officers, directors, members, managers, employees, attorneys, insurers, assigns, shareholders, successors, predecessors, managing agents, and agents ("Released Parties"):

1. <u>Rule 23 Class Members</u>: The Rule 23 Class Members who do not timely exclude themselves from the Settlement release all wage-and-hour claims based in New York state law they have or could have brought against Released Parties based on the factual allegations in the Complaint, including all NYLL claims asserted in the Action, related New York state wage-and-hour claims that such Rule 23 Class Members may bring based on the same or similar factual predicates, claims that Texian did not pay all the amounts due for work that was performed for Texian or Texian's benefit in the State of New York during the relevant NYLL limitations period, and including, but not limited to, any and all New York-based (including all state, county, municipal, or other law so long as it accrued within the State of New York) claims for alleged failure to pay wages or overtime, for alleged failure to pay all wages when those wages were due, and claims for liquidated damages, wage statement or wage notice penalties, other penalty wages, statutory damages, interest, and attorneys' fees and costs on any such wages, overtime, or penalty wages.

2. <u>(If a Class Member has also submitted a signed written consent to become a Collective Member)</u>: FLSA Collective Members release all federal wage-and-hour claims they have or could have brought against Released Parties based on the factual allegations in the Complaint, including all FLSA claims asserted in the Action, related state wage-and-hour claims that FLSA Collective Members may bring based on the same or similar factual predicates, claims that Texian did not pay all the amounts due for work that was performed for Texian or Texian's benefit during the relevant FLSA limitations period, and including, but not limited to, any and all claims for alleged failure to pay wages or overtime, for alleged failure to pay all wages when those wages were due, and claims for liquidated damages, penalty wages, statutory damages, interest, and attorneys' fees and costs on any such wages, overtime, or penalty wages.

The Released Claims set forth above shall include all the above claims through the date of Preliminary Approval of the Settlement.

## 8.    What Are My Rights?

- **Do Nothing:** If you do not timely and validly request to be excluded ("opt-out") from the Class Settlement, you will automatically become a Participating Settlement Member in the Rule 23 Class Action and will receive your Settlement Check, as provided above, and you will be bound by the Settlement including its release provisions that are applicable to Rule 23 Class Members.

- **Opt-Out:** If you do not wish to be bound by the Settlement as a Rule 23 Class member, you must submit a written request for exclusion from the Settlement, postmarked by [DATE]. The written request for exclusion must contain your name (and any other names used while employed by Texian), full address, and signature, and state the following (or substantially similar language): "I wish to opt-out of the Settlement in the Texian case. I understand that by requesting exclusion, I will not be eligible to receive any payment or other benefit as a Rule 23 Class Member in the Settlement involving Texian." No opt-out request may be

made on behalf  of a group or others. The opt-out request must be sent by mail to the Settlement Administrator at [SETTLEMENT ADMINISTRATOR ADDRESS]. **If you request exclusion/opt-out of the Settlement, you will not be entitled to any Settlement payment, you will not be bound by the Settlement, and you will not have any right to object, appeal, or comment on the Settlement.**

- **Object:** If you received this Notice and wish to object to the Settlement, you must submit a written statement objecting to the Settlement by [DATE]. You must mail the statement to the Court at the following address: United States District Court, Office of the Clerk, P.O. Box 61010, Houston, Texas 77208. You must also mail a copy of your objection to Class Counsel and Texian's Counsel, at the addresses in the next section of this Notice, by [DATE]. The statement must be signed by you, and state: (i) your name; (ii) your current address; (iii) your telephone number; (iv) your dates of employment with Texian; (v) the last four digits of your Social Security number; and (vi) the basis of the objection, including the reasons why you believe the Court should find that the proposed Settlement is not in the best interests of the Rule 23 Class members and the reasons why the Settlement should not be approved. The objection must also state that it relates to the Action.

  If you mail a written objection, you may also, if you wish, appear at the Final Approval hearing to discuss your objection with the Court. To object, you must **not** opt-out of the Settlement. If you wish to object to the Settlement but fail to submit the written objection on time and in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of mailing to the Court shall be the exclusive means for determining that an objection is timely.

  You may also withdraw your objection in writing my mailing a withdrawal statement to the Court and counsel for the Parties postmarked no later than [DATE (10 business days before the Final Approval Hearing)], orally at the Final Approval hearing, or as otherwise ordered by the Court.

  **If you object to the Settlement, you cannot opt-out of the Settlement, and you will be bound by the terms of the Settlement in the event the Court denies your objection. Thus, if the Court denies your objection, you will be issued a Settlement Check pursuant to the terms of the Settlement.**

| 9. | Can Texian Retaliate Against Me for Participating in the Action? |
|---|---|

No. Your decision as to whether or not to participate in the Settlement will in no way affect your work or employment with Texian, or future work or employment with Texian. It is unlawful for Texian to take any adverse action against you as a result of your participating in the Settlement or the Action.

**10.    Who Are the Attorneys Representing the Parties in the Action?**

Plaintiffs, Collective Members, and Class Members are represented by the following attorneys acting as Class Counsel:

Michael A. Josephson
Andrew W. Dunlap
William M. Hogg
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
info@mybackwages.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
frontdesk@brucknerburch.com

Texian is represented by the following attorneys:

Stephen Irving
Stormy Mayfield
**PECKAR & ABRAMSON, P.C.**
1717 West Loop South, Suite 1400
Houston, Texas 77027
Tel: (713) 568-1500
Fax: (713) 568-1490

**11.    How Will the Attorneys for the Class be Paid?**

Class Counsel will be paid from the Gross Settlement Amount of $1,500,000.00. You do not have to pay the attorneys who represent the Participating Settlement Members. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to, but no greater than, forty percent (40%) of $1,500,000.00 (*i.e.*, $600,000.00), plus their out-of-pocket costs, up to $15,000.00. The final amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval hearing.

**12.    Where Can I Get More Information?**

If you have questions about this Notice, or the Settlement, or if you did not receive this Notice in the mail and you believe you are or may be a member of the Settlement, you should contact the Settlement Administrator. The Settlement Administrator's contact information is:

[SETTLEMENT ADMINISTRATOR]
[ADDRESS]
[CITY, STATE ZIP]
[TOLL FREE PHONE]

This Notice is only a summary. For more detailed information, you may review the Settlement Agreement and other documents for this case at the Settlement Website, which can be accessed at [URL]. The Settlement Agreement contains the complete terms of the proposed Settlement and is also available through the website link above, or is publicly accessible and on file with the Court through its electronic docketing system.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE CLERK OF COURT, THE JUDGE, OR TEXIAN FOR INFORMATION ABOUT THE ACTION OR THE PROPOSED SETTLEMENT.**

## NOTICE OF COLLECTIVE ACTION SETTLEMENT

*Hardin, et al. v. The Texian Group, Inc.*, Case No. 4:23-cv-111
In the United States District Court for the Southern District of Texas

\*\*\*THIS IS <u>NOT</u> AN ATTORNEY ADVERTISEMENT\*\*\*

YOU ARE RECEIVING THIS NOTICE BECAUSE YOU PREVIOUSLY SUBMITTED A
WRITTEN CONSENT TO JOIN THIS LAWSUIT AS AN "OPT-IN" PLAINTIFF TO
PURSUE CLAIMS FOR UNPAID WAGES AGAINST THE TEXIAN GROUP, INC.

YOU MAY BE ENTITLED TO PAYMENT FROM A PROPOSED CLASS AND
COLLECTIVE ACTION SETTLEMENT.

PLEASE READ THIS NOTICE CAREFULLY.

| 1. | Why Did I Get This Notice? |
|----|---------------------------|

A proposed class and collective action settlement (the "Settlement") has been reached in *Hardin, et al. v. The Texian Group, Inc.*, Case No. 4:23-cv-111 (S.D. Tex.) (the "Action"). In May 2023, an inspector named Bradley Hardin ("Plaintiff") who worked for The Texian Group, Inc. ("Texian" or "Defendant") brought this lawsuit alleging Defendant failed to pay him all overtime wages owed and asserted a claim seeking such wages in the lawsuit under a federal law called the Fair Labor Standards Act ("FLSA"). The Action also asserted similar claims based on the New York Labor Law on behalf of a class of Texian's inspectors who worked in the State of New York. Defendant denied the claims and denied it violated any wage laws.

Texian's records identified you as a potential Collective Member, and you timely returned a consent form to join the lawsuit. As someone who submitted an "opt-in" form (a "Collective Member"), you are entitled to receive money from the Settlement, as described below.[1] If you also performed work for Texian in the State of New York at any time from January 16, 2016 through November 19, 2024, you will also receive a separate notice informing you about your rights and options as a Rule 23 Class Member. If you receive the separate Class Notice, you should read both this notice and the class notice carefully.

---

[1] The capitalized terms in this Notice have defined meanings that are set out in detail in the Settlement Agreement. To review a copy of the Settlement Agreement, please visit the settlement website at [URL].

## 2.      How Was the Settlement Reached?

During the lawsuit, both sides vigorously presented their legal positions and faced uncertainty as to which side was correct and the amount, if any, of wages owed to the Collective Members under the FLSA. Plaintiff argues he was not paid for all hours worked because Defendant failed to accurately track his hours worked, and instead paid him and others like him the same number of hours each day worked. Plaintiff also argued he was not paid the correct overtime rate of pay because Defendant failed to include per diem payments into the overtime rate calculation. Defendant denied the claims, denied any liability, and maintained it paid all Collective Members appropriately under the FLSA. Considering the risks of continued litigation and the significant costs associated, Plaintiff and Defendant reached a settlement of the claims.

During the lawsuit, Defendant provided timekeeping and pay records for individuals who joined the case. Using these records, the parties calculated the potential amount owed for unpaid wages under different scenarios.

## 3.      How Much Am I Getting Under the Settlement?

This case has settled. Your individual settlement is based on the number of weeks you worked for Texian anywhere in the country during the relevant time period. If you were one of the Collective Members who also worked for Texian in the State of New York and do not exclude yourself from the Settlement, your individual settlement amount also includes the number of weeks you worked for Texian in New York from January 12, 2016 through January 11, 2019. You were then allocated your proportionate share of the settlement on a *pro rata* basis as follows:

As a Participating Settlement Member, if the Court grants Final Approval of the Settlement and assuming no Class members request exclusion ("opt out"), your Individual Settlement Payment is estimated to be, at least, approximately $[AMOUNT]. This amount is estimated, and your final Settlement payment is expected to differ from this amount and will be calculated as set forth above. This amount is based on the number of workweeks you worked for Texian based on Texian's records which show you worked [NUMBER] total eligible workweeks within the relevant time periods.

Your individual settlement payment is subject to a tax breakdown of one-half (50%) W-2 wages, and one-half (50%) 1099 non-wage income.  **No tax advice is being provided herein**. Please consult your tax advisor if you have questions about the tax treatment of your settlement award.

## 4.      What are the Releases?

Upon final approval of the Settlement by the Court and payment of the monetary amounts due under the Settlement, Collective Members release claims as follows (the "Released Claims") against Texian, including its current and former parents, subsidiaries, or affiliate entities, and each of their owners, officers, directors, members, managers, employees, attorneys, insurers, assigns, shareholders, successors, predecessors, managing agents, and agents ("Released Parties"):

All federal wage-and-hour claims you have or could have brought against Released Parties based on the factual allegations in the Complaint, including all FLSA claims asserted in the Action, related state wage-and-hour claims that you may bring based on the same or similar factual predicates, claims that Texian did not pay all the amounts due for work that was performed for Texian or Texian's benefit during the relevant FLSA limitations period, and including, but not limited to, any and all claims for alleged failure to pay wages or overtime, for alleged failure to pay all wages when those wages were due, and claims for liquidated damages, penalty wages, statutory damages, interest, and attorneys' fees and costs on any such wages, overtime, or penalty wages.

The Released Claims set forth above shall include all the above claims through the date of Preliminary Approval of the Settlement.

| 5. | Where Can I Get More Information? |
| --- | --- |

Please carefully review this notice and the release, which apply to your settlement. If you would like a copy of the full Settlement Agreement, or if you have additional questions, you can email or call your attorneys listed below.

Please keep a copy of this Notice for your records.

Michael A. Josephson
Andrew W. Dunlap
William M. Hogg
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
info@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
frontdesk@brucknerburch.com

This Notice is only a summary. For more detailed information, you may review the Settlement Agreement and other documents for this case at the Settlement Website, which can be accessed at [URL]. The Settlement Agreement contains the complete terms of the proposed Settlement and is also available through the website link above, or is publicly accessible and on file with the Court through its electronic docketing system.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE CLERK OF COURT, THE JUDGE, OR TEXIAN FOR INFORMATION ABOUT THE ACTION OR THE PROPOSED SETTLEMENT.**