## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| BRADLEY HARDIN and BENJAMIN FEIST, Individually and for Others Similarly Situated,<br><br>v.<br><br>THE TEXIAN GROUP, INC. | Civil Action No. 4:22-cv-00111 |

### PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT

Michael A. Josephson
Andrew W. Dunlap
Olivia R. Beale
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788; Fax: (713) 877-8065
rburch@brucknerburch.com

*Attorneys for Plaintiffs and Class Members*

**Table of Contents**

I. INTRODUCTION. ...................................................................................................................1
II. FACTUAL AND PROCEDURAL BACKGROUND. ......................................................................1
III. SUMMARY OF SETTLEMENT TERMS......................................................................................2
IV. FULFILLMENT OF PRELIMINARY APPROVAL REQUIREMENTS .............................................3
     A. The Parties have satisfied the Notice requirements of Rule 23 and the Court's notice procedures set forth in the Preliminary Approval Order. ..................................................................3
     B. The Settlement was well-received by the Class Members. ....................................................4
V. ARGUMENTS & AUTHORITIES. .............................................................................................4
     A. Rule 23 Standards for Final Approval. ................................................................................4
          1. The Court has already analyzed and approved the *Reed* factors................................5
          2. The Requirements for final certification of the class Under Rule 23(b)(3) have been satisfied. ................................................................................................................................6
     B. Final approval under the FLSA ............................................................................................8
     C. Distribution was successful and the reaction of the class was positive. ............................8
     D. Attorneys' fees and costs, and service awards. ....................................................................9
     E. Administration costs .............................................................................................................9
VI. CONCLUSION. ........................................................................................................................9

# Table of Authorities

Page(s)

Cases

*DeHoyos v. Allstate Corp.*,
  240 F.R.D. 269 (W.D. Tex. 2007).................................................................................4, 5

*Garza v. Sporting Goods Props., Inc.*, No. CIV. A. SA-,
  1996 WL 56247, at *11 (W.D. Tex. Feb. 6, 1996).............................................................4

*In re Nissan Motor Corp. Antitrust Litig.*,
  552 F.2d 1088 (5th Cir.1977) ............................................................................................5

*Jenkins v. Trustmark Nat. Bank*,
  300 F.R.D. 291 (S.D. Miss. 2014) .....................................................................................5

*Merrell v. 1st Lake Props., Inc.*,
  No. CV 23-1450, 2025 WL 3250873 (E.D. La. Nov. 21, 2025)........................................4

*Reed v. Gen. Motors Corp.*,
  703 F.2d 170 (5th Cir. 1983) .........................................................................................4, 5

*Williams v. Lakeview Load Servicing, LLC*,
  No. 4:20-CV-1900, 2026 WL 74186 (S.D. Tex. Jan. 7, 2026) ..........................................4

Statutes

29 U.S.C. § 201 ...........................................................................................................................1

Rules

Fed. R. Civ. P. 23.............................................................................................................. 4, 5, 6, 7

## I. Introduction.

Class Representative Roy Steward, with Plaintiffs Bradley Hardin and Benjamin Feist, on behalf of Class and Collective Members, seeks final approval of the Parties' Settlement Agreement, which was preliminarily approved by the Court on June 23, 2025. *See* Exhibit 1 ("Agreement"); Doc. 96. Under the terms of the Agreement, Defendant The Texian Group, Inc. ("Texian") will pay $1,500,000 to resolve the wage-and-hour claims brought in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and multiple sections of the New York Labor Law ("NYLL"). Class and collective members' reactions to the proposed settlement have been overwhelmingly positive. Exhibit 2, Declaration of Simpluris at ¶¶ 12-14. The positive reaction of the Settlement Classes confirms the Court's finding on preliminary approval that the Settlement is fair, reasonable, and adequate.

Because the Agreement resolves all potential claims and satisfies the criteria for final approval under federal law, Plaintiffs respectfully request the Court (1) grant final approval of the Settlement Agreement because it provides a fair, adequate, and reasonable result for all members of the Settlement Class; (2) order the Parties to carry out all of the remaining and applicable terms of the Settlement; and (3) approve the settlement administrator's fees and costs. Additionally, Plaintiffs respectfully request the Court grant their motion for approval of attorney fees, costs, and service awards filed August 19, 2025. Doc. 97.

## II. Factual and Procedural Background.

The substance and history of this action and the terms of the Settlement Agreement are recounted in detail in Plaintiff's preliminary approval motion, Doc. 90, and are only summarized briefly here. Hardin filed this lawsuit as a single count collective action under the FLSA, seeking unpaid overtime wages against Texian on behalf of himself and current and former inspectors who worked for Texian and were paid according to Texian's alleged "day rate" pay plan. Doc. 90 at 2. Plaintiffs

1

Steward and Feist later joined the action, bringing additional claims under the FLSA and the NYLL. *Id.* at 2-3.

The Court granted Rule 23 class certification and found the potential collective members were similarly situated under the FLSA in late 2023. Doc. 65 & 66. Notice was sent following the Court's approval. *Id.* The Parties attended mediation on November 19, 2024, with Magistrate Judge Diana Palermo, which resulted in a class-wide settlement. Doc. 88. The Court preliminarily approved the settlement on June 24, 2025, finding the settlement within the range of "approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law" and on a preliminary basis that the settlement was fair and reasonable. Doc. 96, at 2-3. Following the Court's preliminary approval, the Parties sent out the pre-approved notice of settlement. Ex. 2, at ¶ 5-10.

### III. SUMMARY OF SETTLEMENT TERMS.

The terms of the settlement of claims in this case are defined in detail by the Agreement and thoroughly discussed in Plaintiff's Motion for Preliminary Approval. *See generally* Ex. 1; Doc. 90. Briefly, Texian agreed to pay $1,500,000 as the Gross Settlement Amount. Doc. 90 at 5. The Net Settlement Fund of $848,000 was determined by subtracting the attorneys' fees and costs, incentive payments to the named Plaintiffs, and the administration costs. Ex. 2, at ¶ 16. All Class Members who did not opt out release any and all claims under New York wage and hour law, based on or arising out the same factual predicates of the Action, including all claims that were or could have been raised in the Action and other wage and hour claims for damages, premiums, penalties, statutory damages, interests, attorneys' fees, and costs. Doc. 90 at 7-8. FLSA opt-in Plaintiffs released any and all claims under the FLSA based on or arising out of the same factual predicates of the Action, as well as state-law wage and hour claims that could have been brought based on the factual allegations of the complaint. *Id.*

Incentive awards and attorneys' fees and costs were briefed extensively in Plaintiff's August

2

19, 2025, Motion for Attorneys' Fees (Doc. 97) and will not be repeated here. Simpluris will receive a payment of $7,000 for settlement administration services. Ex. 2 at ¶ 18.

Payments to Class Members was determined on a pro rata percentage basis based on the number of workweeks worked during the relevant time period. Doc. 90 at 7. In total, ninety-five (95) individuals will be paid a portion of the Net Settlement Fund. Ex. 2, at ¶ 15. The average estimated Individual Settlement Payment is $8,926.32. *Id.* at ¶ 17. The highest estimated Individual Settlement Payment is $39,000, and the lowest estimated Individual Settlement Payment is $333.33. *Id.*

## IV. FULFILLMENT OF PRELIMINARY APPROVAL REQUIREMENTS.

### A. The Parties have satisfied the Notice requirements of Rule 23 and the Court's notice procedures set forth in the Preliminary Approval Order.

Pursuant to the Preliminary Approval Order, the Parties directed the Settlement Administrator, Simpluris, to issue the Notice to the members of the Settlement Class by the means approved by the Court and agreed to by the Parties in the Settlement. Ex. 2, at ¶ 2. Defendant produced to Simpluris a data file on June 24, 2025, containing 95 records for Settlement Class and Collective Members with damages. *Id.* at ¶ 6. Simpluris processed the mailing addresses and updated them accordingly using the National Change of Address Database. *Id.* at ¶ 7. On November 26, 2025, Simpluris mailed the Class Notice to the individuals identified as Class Members. *Id.* at ¶ 8. On the same day, Simpluris transmitted the Class Notice to 147 email addresses associated with Settlement Class Members. *Id.* at ¶ 10. Of those recipients, 41 were also identified as Collective Members. *Id.* Some Settlement Class Members had multiple email addresses, so out of an abundance of caution, the Class Notice awas sent to all known emails. *Id.* Despite extensive skip tracing efforts, a total of 6 emails and 13 U.S.P.S. mailed Notices were ultimately undeliverable. *Id.* at ¶¶ 9-10. The Parties' and the Settlement Administrator's extensive efforts to effectuate notice to the class, as described above, meet the requirements of Rule 23(c)(2)(B).

3

### B. The Settlement was well-received by the Class Members.

As discussed above, all but a few Class Members were successfully contacted and received Notice regarding the lawsuit, their potential recovery amount if they did not opt out, and their rights as it related to objecting or opting out. *See* Exhibit 2-A, Notice Packet. At the end of the Court-approved Notice Period, the settlement administrator had received zero opt-outs, zero objections, and zero disputes. Ex. 2, at ¶¶12-14. There are 2 individuals who have disputed their time worked within the New York period. Exhibit 3, Declaration of Olivia Beale at ¶¶ 14-16. The Parties are resolving the differences in Defendant's data with the class members timesheets and recollection and feel they can resolve the issue with no effect to the final approval of this settlement. *Id.* The individuals did not file an objection or request to opt-out. *Id.* Overall, this is an outstanding outcome and an indication that the Settlement should be approved.

### V. ARGUMENTS & AUTHORITIES.

### A. Rule 23 Standards for Final Approval.

A district court must approve the dismissal or compromise of a class action. *Merrell v. 1st Lake Props., Inc.*, No. CV 23-1450, 2025 WL 3250873, at *5 (E.D. La. Nov. 21, 2025) (citing FED. R. CIV. P. 23(e)). The approval process is meant to "ensure that the settlement is in the interest of the class, does not unfairly impinge on the rights and interests of dissenters, and does not merely mantle oppression." *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 286 (W.D. Tex. 2007) (quoting *Garza v. Sporting Goods Props., Inc.*, No. CIV. A. SA-93-CA-108, 1996 WL 56247, at *11 (W.D. Tex. Feb. 6, 1996)).

The Fifth Circuit uses a multi-factor test in determining the appropriateness of the proposed settlement: (1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs' prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members.

*Williams v. Lakeview Load Servicing, LLC*, No. 4:20-CV-1900, 2026 WL 74186, at *1 (S.D. Tex. Jan. 7, 2026), *report and recommendation adopted sub nom. Williams v. Lakeview Loan Servicing, LLC*, No. 4:20-CV-01900, 2026 WL 78193 (S.D. Tex. Jan. 8, 2026) (citing *Reed v. Gen. Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983)).

Under Rule 23(e)(2), the Court must also determine if the settlement is fair, reasonable, and adequate. This includes a review of whether the class and counsel have adequately represented the class, whether the proposal was negotiated at arm's length; the relief provided for the class (taking into account the costs, risks, and delays of continued litigation, the effectiveness of the method of distribution, attorneys fees, and requirements under Rule 23(e)(3); as well as whether the proposal treats class members equitably relative to each other. *Id.*

Ultimately, there is a strong presumption in favor of finding the settlement fair, reasonable and adequate. *DeHoyos*, 240 F.R.D. at 286. Accordingly, the Fifth Circuit has repeatedly held that, as a result of their highly-favored status, "[s]ettlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *Jenkins v. Trustmark Nat. Bank*, 300 F.R.D. 291, 301 (S.D. Miss. 2014) (quoting *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir.1977)).

### 1. The Court has already analyzed and approved the *Reed* factors.

Plaintiff extensively briefed the *Reed* factors in his motion for preliminary approval of the settlement. Doc. 90 at 13-18. In response, this Court found "the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law." Doc. 96 at ¶ 1. Moreover, the Court determined

> (a) the settlement amount is fair and reasonable as to the Class Members (as defined in the Settlement) when balanced against the probable outcome of further litigation relating to class certification, liability, and damages issues; (b) significant discovery and risk assessment has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (c) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further

5

prosecution of the litigation; and (d) the proposed Settlement has been reached as the result of intensive, serious, and noncollusive negotiations between the Parties.

Doc. 96 at ¶ 2. Since that preliminary approval, there have been no substantive changes regarding any considerations under *Reed* which would prompt a change in the Court's decision, and Plaintiffs ask the Court to uphold its decision for the purposes of final approval.

### 2. The requirements for final certification of the class under Rule 23(b)(3) have been satisfied.

In addition to meeting the requirements of Rule 23(a), a class action must also satisfy the requirements of one of the subdivisions of Rule 23(b). Certification is appropriate under Rule 23(b)(3) where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). The Parties' proposed settlement Class meets this standard.

As discussed in Plaintiff's motion for preliminary approval, the Court previously conducted a full analysis of the Rule 23 factors and found all of the Rule 23(a) and Rule 23(b)(3) requirements met, and thus that class certification is appropriate. *See* Doc. 66; Doc. 96. Accordingly, the Court certified three classes under the NYLL: (1) the Day Rate Class; (2) the Per Diem Class; and (3) the Wage Statement Class. *Id.* The Court found the Class Representative and Class Counsel adequate. *Id.* In brief:

1. Numerosity: Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." *Id.* at 4. The Class members are as geographically diverse as they were when the Court found numerosity was satisfied, and the Court previously deemed adequate for numerosity. *Id.*

2. Commonality: Rule 23(a) requires that there are questions of law or fact common to the class. The Court identified 4 issues of fact and 3 issues of law common to the Day Rate Class; 5

6

issues of fact and 2 issues of law for the Per Diem Class; and 7 issues of fact and 2 issues of law for the Wage Statement Class Members. *Id.* at 5. All of these questions of fact and law remain, satisfying commonality.

3. Typicality: Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." *Id.* at 6. The Court found the representative party and the Class Members of all three classes each had at least three typicality factors in common which satisfied Ruler 23. *Id.*

4. Adequacy of Representation: Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." *Id.* at 6. The Court found the representative was a member of the classes he sought to represent and there were no conflicts of interest on either his part or his counsel's. The Court correctly stated that "this case [was] vigorously prosecuted on behalf of the classes." *Id.*

5. Ascertainability: Class certification also requires that the members of a proposed class be adequately defined and ascertainable. *Id.* at 7. The Court found the proposed classes could be defined and identified using objective criteria and ascertained by reference to Texian's own business and personnel records. *Id.* This remained true and the ascertained information was used to contact the Class Members prior to final approval.

6. Rule 23(b)(3): The Court found that all of the Class Members shared the same primary job duties and were subject to Texian's common timekeeping and pay policies and practices. *Id.* The Court correctly determined those issues predominated over any issues unique to individual class members. *Id.* Moreover, the Court found that "[l]itigating this case as a class is far superior to requiring each Class Member to prosecute their individual NYLL claims … Conducting this litigation as a class is superior to any other method of resolution." *Id.* at 9.

The same is true today as it was when the Court previously found numerosity, ascertainability,

7

commonality, typicality, adequacy, predominancy, and superiority were met. *See* Doc. 66. For purposes of facilitating the Parties' Rule 23 settlement, the Court should likewise find those requirements are still met today for the same reasons already established by Plaintiffs through motion practice. *See* Doc. 57; Doc. 66.

### B.   Final approval under the FLSA.

The Court granted approval of the FLSA settlement in its June 23, 2025, order, finding the settlement was both fair and reasonable. Doc. 96 at 4-5. As discussed above, there has been no changes to the terms and conditions applicable to the FLSA collective. Accordingly, Plaintiff asks only that the Court continue to uphold its previous finding as to the FLSA portion of this Action.

### C.   Distribution was successful and the reaction of the class was positive.

The Court previously approved Simpluris to provide settlement administration services in this matter. Doc. 96 at ¶ 6. Simpluris mailed the approved Class Notice to the 95 individuals identified as Class Members on November 26, 2025. Ex. 2, at ¶ 8. Thirteen of those notices were returned undeliverable and the intended recipients could not be located through skip tracing. *Id.* at ¶ 9. However, on the same day the Notices were mailed, Simpluris also transmitted the Notice via email to 147 email addresses associated with Settlement Class Members. *Id.* at ¶ 10. Six of the emailed notices were returned as undeliverable. *Id.* at ¶ 10.

The deadline for Class Members to submit a Request for Exclusion from the settlement, or for class or collective members to object and/or dispute the number of workweeks upon which their settlement amount was determined, was December 26, 2025. *Id.* at ¶ 12. Throughout the duration of the notice period, class and collective members had access to a toll-free telephone number, accessible 24 hours a day and 7 days a week. *Id.* at ¶ 4. Class and collective members could call the number for inquiries regarding the settlement, including inquiries in Spanish during normal business hours. *Id.* The Notice also contained contact information, including phone numbers and email addresses, of

Plaintiff's counsel. Ex. 2-A. As of the date of this filing, Simpluris has not received any requests for exclusion, objections, or disputes regarding workweeks. Ex. 2, at ¶¶ 13-15. Josephson Dunlap received two disputes regarding work weeks and is currently working with the affected individuals and Texian to come to a satisfactory compromise for all parties. Ex. 3 at ¶¶ 14-16. Accordingly, the reaction of the Class and Collective Members has been overwhelmingly positive and supports the Court's final approval of the settlement.

### D. Attorneys' fees and costs, and service awards.

Pursuant to the Court's order, Plaintiffs filed a separate, unopposed motion for attorneys' fees and costs, as well as service awards for the named plaintiffs, on August 18, 2025. Doc. 97. As such, Plaintiffs will not further brief the issue. Plaintiff respectfully requests the Court grant this motion. Doc. 97.

### E. Administration costs.

The Court has already approved the retention of Simpluris as Settlement Administrator with reasonable costs not to exceed $7,000. Doc. 96 at 6. Accordingly, the Court should issue final approval of administrative costs of $7,000 to Simpluris, which includes the fees already incurred as well as future work including the calculation of the settlement checks, issuance and mailing of the settlement checks, and necessary tax reporting. Ex. 2, at 18.

### VI. CONCLUSION.

For all of the reason above, Plaintiff respectfully requests the Court grant his motion for final approval of the settlement in this case.

**Dated: February 11, 2026**                                      Respectfully submitted,

By: /s/ *Olivia R. Beale*
**Michael A. Josephson**
Federal ID 27157
**Andrew W. Dunlap**
Federal ID 1093163
**Olivia R. Beale**

9

Federal ID 3735892
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

**Richard J. (Rex) Burch**\*
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@bruckner burch.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on February 11, 2026 a true and correct copy of the foregoing instrument was filed through the Court's electronic case filing system which will serve a copy of this document electronically on all counsel of record.

*/s/Olivia R. Beale*
**Olivia R. Beale**

10

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| BRADLEY HARDIN and BENJAMIN FEIST, Individually and for Others Similarly Situated,<br><br>v.<br><br>THE TEXIAN GROUP, INC. | **Civil Action No. H-22-111** |

**PROPOSED ORDER ON
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT**

The Motion for Final Approval of Class and Collective Action Settlement filed by Plaintiffs Bradley Hardin and Roy Steward came for hearing in the above-captioned court, the Honorable Peter Bray presiding. Defendant The Texian Group Inc. ("Defendant" or "Texian") does not oppose the motion.

For the reasons listed in the Court's Preliminary Approval, Plaintiff's Motion for Final Approval, and Plaintiff's Motion for Attorneys' Fees, Costs, and Service Awards, and having reviewed the papers and documents presented, having heard the statement of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court hereby GRANTS final approval of the terms and conditions contained in the Settlement, attached hereto as Exhibit 1. The Court finds the terms of the Settlement are within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court APPROVES Plaintiffs motion for attorney fees and costs.

3. The Court APPROVES the service awards.

4. The Court ORDERS the Parties to carry out all remaining and applicable terms of the Settlement.

1

5. The Court finds that (a) the settlement amount is fair and reasonable as to the Class Members (as defined in the Settlement) when balanced against the probable outcome of further litigation relating to class certification, liability, and damages issues; (b) significant discovery and risk assessment has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (c) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (d) the Settlement has been reached as the result of intensive, serious, and noncollusive negotiations between the Parties. Accordingly, the Court finds the Settlement was entered into in good faith.

6. The Court hereby finds its previous order granting class certification (Dkt. 66) provides the appropriate factual and legal predicate for maintaining class certification for settlement purposes. The certified class(es) shall retain the same class definitions as those defined in the Court's previous order and the relevant class period(s) shall run through the date of this final approval order.

7. The Court APPROVES payment of $7,000 to Simpluris from the gross settlement amount for settlement administration services.

**IT IS SO ORDERED.**

Dated: _____          _____